4 U.S. 120 (____)
4 Dall. 120
Calhoun's Lessee
versus
Dunning.[(2)]
Supreme Court of United States.

*121 By the COURT;
Blunston's licences have always been deemed valid; and many titles in Pennsylvania depend upon them. The equitable right acquired by the lessor of plaintiff under a licence, has been perfected, by a survey, and patent; so that he clearly possesses a legal title to the land in dispute.
On the other hand, the defendant has no office right, but rests his pretensions, on an early possession, the exclusion of the disputed *122 land in the re-survey of 1764, and the award and judgment, in the action of trespass. Of the equitable circumstances, the jury will judge, with this remark from the Court; that a mere improvement right, ought never to be rendered effectual in favour of a settler, when it commences subsequent to the existence of the legal right, regularly vested in another.
The great objection, however, to the plaintiff's recovery, arises from the award and judgment. To be sure, an award cannot give a right to land; but a report of referees will settle a dispute about land, either in an ejectment, or in an action of trespass. In the case of Fox's Lessee v. Franklin, a similar report has been made, and affirmed. Indeed, such a report is more operative than a verdict: for, a verdict in ejectment is not conclusive; but when parties chuse to adjust their disputes amicably, they generally agree, that the award shall be final; and, under such an agreement, neither of them can hope again successfully to agitate the same points.
Under this charge, the plaintiff suffered a nonsuit.[(1)]
NOTES
[(2)] Decided at Carlisle, in Cumberland county, Nisi Prius, 11th May 1792, before SHIPPEN and BRADFORD, Justices.
[(1)] Decided at Nisi Prius, Garlesic Camichland county, in May 1792.