## (SUPREME COURT.)

The People *against* The Sessions of Chenango.

This was an application for a *mandamus*, forbidding the Sessions of *Chenango* from proceeding on a new trial they had granted.

*Per Curiam*, delivered by KENT, J. Let the *mandamus* go. The sessions cannot grant a new trial upon the merits. It is a power *not exercised* by this court, after verdict in cases *of felony*, and perhaps it is expedient it should not be.— This court had by its original constitution by ordinance, the superintending controul of all inferior jurisdictions within the state, and this power has never been taken away. It has been from time to time recognised by law, and in constant and vigilant exercise. All courts within the several counties, have, from the first foundation of our judicial system, been regarded by law and by practice as inferior courts; they can be compelled to duty by a *mandamus*; they can be restrained from usurpation by *prohibition*.* The causes and pleas before them, can be arrested and removed by *habeas corpus* or *certiorari*, and their judges can be *attached*, brought before this court, and punished for disobedience. All these are distinguished and essential marks of supremacy in the one court, and of inferiority in the

*The Sessions cannot grant a new trial on the merits ; if they do, a mandamus will go forbidding them to proceed.*

* *Prohibitions* are *ex debito justiciæ*, when an inferior court acts without jurisdiction. They will lie to courts-martial. See the case of *Grant*, 2 *H. Black*. 69.

other; they are, therefore, within the reason and meaning of the law, *inferior* courts, and such courts are not intrusted *by law*, with the power of setting aside verdicts of juries upon *the merits*. It has been the uniformly received usage and understanding on the subject, until very lately, that that power was exclusively confided to this court; it can neither be taken from this court, nor assumed by the sessions without express words.

There are strong reasons for the law withholding the power from the courts of general sessions of the peace. All the justices of the peace, within the county, are judges of the court. This renders it a very numerous tribunal, and divides and weakens the responsibility of the members. The justices are laymen, and cannot be supposed to have been taught or trained in the science of law. The power of awarding new trials on the merits, is a power necessarily resting in sound legal discretion. The reasons of the exercise of that discretion, are not stated on the record, and are not susceptible of review by this court. The power may be grossly abused; different principles and contradictory practice may be assumed in different courts; verdicts may be set aside, *ad infinitum*, till juries are worried into submission; they might be set aside where the prisoner is acquitted, as well as convicted, and the power thus unlimited and unreviewed, might go to the destruction of trial by jury; to overturn the rights of the citizen; to shake the stability of government, and destroy all system and harmony in our jurisprudence.

I am, with perfect satisfaction, of the opinion, that this great and transcendant *trust*, rests *solely* with this court; a court which the constitution and law,

has taken care so to organize, as to contemplate it *fit and competent*, for the due and safe exercise of this very delicate power. We cannot alienate any part of our *trust ;* we are responsible for its safe-keeping, and that no *waste* be committed on a power we hold for the security of our citizens, in their liberties and estate.