In the conveyance of personal property, the law supposes a transfer of possession. In subjects of this nature two views present themselves: one as between the parties *Page 93 
themselves, and those claiming directly under them; the other, as it respects such individuals as may stand in a relation to be affected by the transaction. In the first, delivery or possession may not be necessary; in the latter it is usually otherwise.
A bill of sale appears to have been made for this negro, with others, by Harrison to the plaintiff, in April, 1798. We cannot suppose without evidence that the possession of the property did not follow the bill of sale. If it were proved that the possession remained with Harrison, after the execution of this instrument of writing, it might admit of a different consideration. If the property was completely vested by the delivery of the possession it would be improper to admit this evidence. Assuming it as a position that the property had been rightfully transferred to the plaintiff, any conveyance afterwards, by Harrison, the former owner, ought not to affect the plaintiff's right; res inter alias non nocet.[1]
The defendant's counsel then introduced two witnesses, Sloan and Temple, who together proved that the negro had always been in the possession of Harrison, unless it were part of one year, when Harrison and his father-in-law, the plaintiff, cropped together on the plantation of the latter. Temple was a subscribing witness to the bill of sale from Harrison to his mother. The counsel then moved for permission to read that bill of sale, to show an instance of the exercise of ownership, which was allowed by the Court.
[1] Vide 2 Hay. 154, 293, 330; 4 Mass. 702; 5 Johns. 412.
The rule laid down in Gilbert, 31 is too narrow, which plainly appears from the same book, p. 34.
In order to render a verdict in one action evidence in another, it is not necessary that the parties should be the same. It is sufficient if the party against whom the verdict is intended to be introduced was a party to the former suit, and that the same subject-matter was directly put in issue by the pleadings; but not where a point comes before the Court collaterally.[1] Upon a cursory view of the declaration a difficulty had suggested itself in this, that it appears in one part of it to have been framed for the common action of trespass quare clausum fregit, with an asportavit.
It is however to be remarked that there is a distinct count embracing the asportavit, alone; but admitting this not to have been the case, it appears the sheriff, by his pleading, has made them two distinct points; upon each of which an issue was taken and tried; under the plea of justification, the property of the negro must have come directly in question; for if the property was not Harrison's, but Eagan's, the jury could not have found for the sheriff upon the justification; but otherwise, if the claim of Ragan were only colorable. The ground upon which the admissibility of verdicts seems to be founded, is, that it appears in proof consistent with the pleadings in the former suit that the same point was directly and not incidentally brought in question; that the party in the latter being also a party or privy in the former suit, was apprised *Page 95 
that the same point was in issue, so that he or the person under whom he claimed might have come prepared to contest it.
The counsel for the plaintiff desired further time to look into the books until the next day, which was granted.
The next day MILLER, for the plaintiff, took another objection to the introduction of the record, because it did not appear that judgment had been rendered by the Court upon the verdict, and cited Lofft's Gilbert, 38; 9 Com. Dig. 279. On examination of the record it appeared that after the jury had returned their verdict a rule for a new trial was granted, which was continued for several terms and at length discharged, and here the transcript ended. For the defendant, it was urged that this was as perfect a record as usually came up from the county courts; that the clerk had certified it to be a true transcript, and that the Court would presume the judgment to have been rendered, it being a matter of course.
[1] See 2 Wil. ed. Bac. 614 n.; 4 Dall. 120.