In the matter of George W. Fitch, an absent debtor.

The justices of the superior court of the city of N. Y., officiating under the act for relief against absconding and absent debtors, act as *commissioners* of the supreme court, and their proceedings must be returned to the supreme court.

Proof by witnesses that they *believe* that the debtor resides out of the state, is sufficient.

To support proceedings under this act, there must be evidence that the defendant *is indebted within the state,* either bv showing the contract made here, or that the creditors reside here.

Motion to set aside an attachment.    A warrant was issued by the Hon. J. O. Hoffman, one of the justices of the superior court of the city of New-York, the property of the debtor was attached, and the proceedings were returned to this court.    Two witnesses testified before the judge previous to the issuing of the warrant, that they *believed* that the

debtor resided out of the state, but no proof was offered that the contract was made within this state, or that the creditors on whose application the warrant issued, resided here.

A motion was now made to set aside the attachment and all subsequent proceedings, on the grounds, 1. That the proof of the debtor's residence abroad was not sufficient; and 2. That there was no evidence that the contract under which the debt was claimed was made within this state, or that the creditors resided here. A question was also submitted, whether the proceedings ought not to have been returned to the superior court instead of this court.

*D. B. Tallmadge,* for debtor.

*J. Anthon,* for creditors.

*By the Court,* SAVAGE, C. J. The proceedings could be returned only to this court. No jurisdiction in these cases is given to the superior court of the city of New-York by the statute creating that court. The judges of that court, however, have a right to act individually on applications to them under this act; but when they so officiate, they do so as *commissioners* of this court. The proof of the residence abroad of the defendant was sufficient, but there should have been evidence that the defendant was indebted within this state, either by showing that the contract was made here, or that the creditors resided here. (2 *Caines,* 319.) In this respect there is a total want of evidence, for which cause the proceedings are set aside.