ALBANY,
October, 1829.

In the matter of E. WARNER and A. B. PHELPS, proceeded against as absconding or concealed debtors.

*In the matter of Warner and Phelps.*

MOTION to set aside attachment. The attachment was issued by the recorder of New-York, on the petition of a creditor stating that the parties proceeded against were indebted to his firm in the sum of $100 or upwards; that they had departed this state, or were concealed within it, with intent to defraud their creditors, or to avoid being arrested by ordinary process of law. The petition was verified by the oath of the petitioner, and by the affidavit of two witnesses that they verily believed that the debtors had departed the state, or were concealed within it, to defraud their creditors, or to avoid being arrested, &c.

The motion was made on the ground of defect of evidence, that the parties proceeded against were indebted within this state.

*Where the proceeding under the act for relief against absconding and absent debtors is against an absconding or concealed debtor, proof that the defendant is indebted within the state is necessarily implied in the evidence that the debtor has departed, or is concealed within the state.*

*H. M. Western,* for the motion.

*S. B. H. Judah,* contra.

*By the Court,* MARCY, J. This motion probably originated from a misconception of Fitch's case, (2 Wendell, 298.) That was a proceeding against an *absent* debtor; this is against *absconding* or concealed debtors. The proof of indebtedness within the state, to authorize the issuing of the attachment, is necessarily implied in the evidence that the defendant has *departed* the state, or is *concealed* within it. If concealed within the state, his residence is here; and if departed from the state, his residence must have been here previous to such departure. Previous to his concealment or departure, he must have been a resident; and if so, being here, he was indebted within this state. The motion, therefore, is denied.