*Ex parte* HAYNES, proceeded against as a *non-resident debtor*.

In a proceeding under the statute against a *non-resident debtor*, an affidavit of witnesses that they *are informed* and *believe* that the debtor is a non-resident, is not sufficient to authorize the issuing of an attachment; and where an attachment was issued upon such an affidavit, it was set aside, although the party proceeded against did not even allege that he was a resident of the state.

*So, it seems*, that an affidavit of *information* and *belief* of threatened waste is not sufficient to authorize even a temporary injunction.

PROCEEDINGS under the statute against *absconding, concealed, and non-resident debtors*. An attachment was issued under this statute, (2 *R. S.* 3, § 1, *sub.* 2,) against the property of C. Y. Haynes, a non-resident debtor. The application of the creditor was accompanied by an affidavit of two disinterested persons, who stated in the same that they *were informed* and *believed* that Haynes resided out of this state.

*I. Williams* moved to set aside the attachment and all subsequent proceedings, on the ground of the insufficiency of the affidavit of the witnesses. He contended that the application for the attachment was wholly defective in [612] not complying with the requirements of the statute, that the *facts* and *circumstances* upon which the application is founded must be stated. He cited 2 *R. S.* 3, § 5; 9 *Wendell*, 295, 298; 1 *R. L.* 157, 163, § 23; 2 *R. S.* 230, § 28; 13 *Wendell*, 46; 14 *id.* 237; *Statute Manual*, 237.

*M. T. Reynolds*, for the creditor, relied on the decision of this court in *Ex parte Fitch*, (2 *Wendell*, 298,) as decisive against the motion; all that the witnesses said in that case was that they *believed* the debtor resided out of the state. The statute, 1 *R. L.* 163, § 23, required "proof by two witnesses, to the satisfaction of the judge," of non-residence. Naked *belief* was received as proof. Here is both *information* and *belief*. Even now the debtor does not pretend that he was a resident of this state.

*By the Court*, COWEN, J. There is no branch of the law of evidence in which the cases are so far from consistency as they appear to be in respect to the amount of proof, or even what shall be considered proof, for the purposes of these *ex parte* applications for process. A temporary injunction used to be very commonly issued on the party's own oath of mere information and belief that waste was committed or threatened. It was formerly thought that to obtain a *ne exeat*, it was enough for the plaintiff to swear to his belief that the defendant was going abroad. (*Beame's Ne Exeat*, 24. *Russel* v. *Ashby*, 2 *Vesey*, 96. *And see Chapeauroque* v. *Carteaux, in a note to Amsinck* v. *Barclay*, 8 *Vesey*, 597.) "But," says Mr. *Beames*, "the extreme vagueness of that rule has been, and that very properly, qualified by later decisions, and it is now held that the affidavit to obtain this writ must be positive as to the defendant's intention to go abroad, or to his threats or declarations to that effect, or to facts evincing it." (*Oldham* v. *Oldham*,

Ex parte Haynes.

7 *Vesey,* 410. *Etches* v. *Lance,* 7 *id.* 417. *Amsinck* v. *Barclay,* 8 *id.* 597. *Hannay* v. *M'Entyre,* 11 *id.* 54. *Jones* v. *Alphesin,* 16 *id.* 470. *And see Taylor* v *Leitch,* 1 *Dick,* 380, *and Shearman* v. *Shearman,* 3 *Bro. C. C.* 370.) And [613] Lord Eldon has said he would never grant an injunction against waste, on an affidavit of belief that the defendant was going to cut timber, *Etches* v. *Lance,* (7 *Vesey,* 417,) and *Hannay* v. *M·Entyre,* (11 *id.* 54,) nor that the complainant was credibly informed the defendant intended to commit waste. (*Hannay* v. *M·Entyre,* 11 *Ves.* 54.) Yet an affidavit made before a common magistrate that the deponent " has reason to suspect that several trees or parts of trees have been stolen from the king's forest of Hainault, and that they are carried to the premises of John Smith, carpenter, of Chigwell row, and there concealed, was, after much debate and great reflection by the king's bench, unanimously holden to be a good affidavit for the purpose of a *search warrant* as for stolen goods ; that is to say, it was held sufficient to give the magistrate jurisdiction. This was as late as 1822, in *Elsee* v. *Smith,* (1 *Dowl. & Ryl.* 97,) on error from the common pleas. In *Ex parte Fitch,* (2 *Wendell,* 298,) this court held that an affidavit of belief by two witnesses that the debtor resided out of the state, was sufficient to warrant an attachment under the non-resident debtor act as it then stood ; and according to the cases which I have cited, it will be seen that this was going no farther than the court of chancery formerly went in regard to like applications, nor so far, I think, as the king's bench and common pleas both went in *Elsee* v. *Smith.* My great difficulty always was in relation to this general judicial kind of affidavit, to see that it amounted to any proof at all. This court formerly said that when a statute requires proof, for instance to obtain a warrant from a justice, it meant legal *evidence.* Accordingly a statute requiring a plaintiff to " prove to the satisfaction of a justice that the defendant was about to depart," &c., could not be satisfied with the plaintiff's own oath, because that was not competent evidence. To warrant that, the statute must be express. (*Brown* v. *Hinchman,* 9 *Johns. R.* 75.) Forming my own notions of legal evidence mainly at *nisi prius,* it was always difficult for me to perceive upon what ground a piece of evidence, which would never be thought of there as competent, could be received in another court professing to proceed by the same rules, and acted upon as sufficient to [614] sustain any proceeding. Who ever heard of a witness being allowed, before a jury, to express his naked belief, or information, or that he had reason to suspect? On objection, such proof would never be received as even competent, much less as sufficient to be relied on for any purpose. The same rule in respect to *ex parte* applications for a *ne exeat* and injunction is strongly enforced and illustrated by Lord Eldon in the cases which I have cited from *Vesey.* I collect from those cases that he would consider belief, or information and belief, altogether incompetent. That there are exceptions to the rule, however, seems equally well established ; and in addition to the cases already cited we have *Grumon* v. *Raymond,* (1 *Conn. R.* 40,) decided by a very learned court. It was there held, or rather the doctrine was laid down *obiter* by Reeve, Ch. J., that swearing to a strong suspicion of the concealment of goods in a certain place, accompanied with positive proof of their having been feloniously stolen, would authorize a warrant to search in the place thus suspected.

The former statute giving an attachment against the goods of non-residents " required proof to the satisfaction of the judge." On such a statute, with the high authorities to which I have referred, before me, I think I should not hesitate in receiving the oath of mere belief ; but that statute no longer remains to us. Dissatisfied, it seems, with its construction in the case *Ex parte Fitch,* the legislature have demanded that " the facts and circumstances to establish the grounds" of the application should be proved by two witnesses. (2 *R. S.* 3, § 5.) The same learned judge (the late chief Justice Savage) who delivered the opinion of this court in the matter of Fitch, has recently taken a leading part in construing another statute, which requires facts and circumstances to warrant an attachment by

a justice of the peace, (*Statutes, sessions of* 1831, *p.* 404, § 34, 35.) The affidavit was of *belief* merely that the debtor was about to remove fraudulently, &c. The court held the affidavit insufficient. The chief justice said, "the plaintiff's own belief is neither a fact nor a circumstance upon which the justice can exercise his judgment. It is not sufficient that the plaintiff is satisfied; the justice, must be satisfied from proof of facts and circumstances, not the belief of [615] any one." The learned judge then goes into a course of illustration to show what would satisfy the statute. I will only say of these, that they must strike any mind which has been accustomed to judge upon the general rules of evidence, with great force, and they accord, so far as they go, with Lord Eldon's remarks in cases of *ne exeat.* (*Smith* v. *Luce,* 14 *Wendell,* 237.) In a similar case, *mere belief* was held insufficient to confer jurisdiction. (*Loder* v. *Phelps,* 13 *Wendell,* 46.)

But the deponents are *informed,* and information is said to be a fact or circumstance. That is indeed so; but we are now upon ground where we must have regard to the relevancy of evidence, as well as its competency in other respects. *Information,* which is another word for *hearsay,* is, generally, not evidence. There are exceptions to the rule, as, if it come from the party against whom it is adduced, or be elicited on diligent inquiry as to residence, &c.; but the party offering it must show that it comes within the exception. For aught we know, the witnesses may have been informed by the party who made the application. In *Hannay* v. *M'Entyre,* Lord Eldon said: "The affidavit representing belief upon information, the court should know the particulars of that information; the person giving the information can state the ground of it." In short, any kind of information that we can imagine would satisfy such an affidavit as was presented in this case. To receive it, would be a complete evasion of the statute. An affidavit for a justice's attachment, much more full as to information than this, was holden insufficient on *certiorari* in *Tallman* v. *Bigelow,* (10 *Wendell,* 420.)

On the whole, I feel no difficulty in saying, that the affidavits in this case are not sufficient to sustain the attachment. No excuse is given for their being so very vague and unsatisfactory. Ordinarily, the mere question of residence is one to which many persons can speak, from circumstances at least. It is not like the case of absconding, or fraudulent concealment of goods; nor can I give any effect to the argument, in such a case, that non-residence is not denied; the *onus,* of course, lies with the applicant; and though in a case of fraud, [616] where difficulty in obtaining full proof frequently exists, that might be a reason for excusing from costs, I see nothing of that sort here.

The motion must be granted, with costs.