By the Court, Bronson, J.
Under the law of 1837, when the defendant pleads or gives notice of the defence of usury, “ and shall verify the truth of his plea or notice by affidavit,” he may call and examine the plaintiff as a witness to prove the usury. (Stat. 1837, p. 487, § 2.) The affidavit of Cowman is “ that he verily believes the notice” to he true. This does not come up to the requirement of the statute. That does not call for belief, but for proof. The affidavit should he, that the plea or notice is true in substance and matter of fact.
When the defence is that the demand has been bought and sold for prosecution, and the defendant wishes to call the plaintiff or his attorney or counsel, he may obtain an order for that purpose on an affidavit that “ he believes he has a defence” under the statute. Such an affidavit is sufficient because the statute so expressly provides. (2 R. S. 288, § 88.) This statute not only fails to prove any thing for the defendants, but it proves something against them. We are to suppose that when the legislature uses different words, different things are intended. Good reasons existed for making a distinction in the two statutes. There could not very well be any usury in the contract unless the party knew it, and therefore he is required to “ verify the truth”, of his plea. But a bond or note may be *611 bought and sold for prosecution without the knowledge of the maker, and therefore he need only swear to belief.
Under the old absent debtor law the creditor was to “ make proof by two witnesses to the satisfaction of the judge, of the residence of such debtor out of this state.” (1 R. L. 183, § 23.) This certainly is not much like the statute we are considering; and if the dictum in the Matter of Fitch (2 Wend. 298) that belief is enough, can be supported,- it will prove very little in favor of this affidavit. But there are several cases which assert a principle that must overturn the dictum to which we are referred. (See 10 Wend. 420; 14 id. 237; 18 id. 611; 20 id. 77, 145.) I have only referred to such cases as happen to be before me. The absent debtor act requires proof, and mere belief, without knowing the gromids on which it rests, does not rise to the dignity of proof.
A precedent was cited from 2 Cowen’s Treat. 678, to prove that this affidavit would be sufficient to verify a plea in abatement. But the point has been long settled the other way. The statute 4th and 5th Ann. ch. 16, § 11 provided, that no dilatory plea should be received, unless the party “ do by affidavit prove the truth thereof, or show some probable matter to the court to induce them to. believe that the fact of such dilatory plea is true.” This statute clearly does not call for a more direct and positive affidavit than the one we are considering. And the rule is, that the affidavit must be positive as to the truth of every fact contained in the plea, leaving nothing to be collected by inference. Belief will not answer, but the party must swear, without qualification, that the plea is true in substance and matter of fact. (Pearce v. Davy, Sayers' R. 293; 1 Tidd. Pr. 692, ed. of ’28; 1 Chit. Pl. 497, ed. of 37; 3 id. 902; Tidd. Append. 155; 1 Lil. Mod. Ent. 1.) It is possible that under special circumstances the court might receive a plea with a less positive affidavit. But clearly belief alone would not be sufficient.
The act of 1840 to which we are referred is, that certain pleas may be disregarded “ unless the defendant verify his plea by affidavit, or annex thereto an alr'avit of merits in such form *612 and manner as the supreme court shall prescribe." (Stat. 1840, p. 333, § 17.) Finding the whole subject thus referred to our discretion, arid béing 'cautious not to push this new provision too far until it had been tested, we adopted such a raleas would' be sure to let in a defence wherever there was one, (22 Wend. 644, note.) .1 do not see that this rule can prove much on the question before us.
I have considered the question as though the affidavit had -been made by the-proper person. But Gillender, who knew all about the usury, if there was any, did not verify the notice.
The affidavit was made by Cowman,- who, if the notice be true, probably knew nothing about the matter beyond the fact that he had signed the bonds' ás a surety. It is highly improbable that he had any knowledge of the usury, except the hearsay information which he may have obtained from Gillender, who should have made the affidavit'. If Cowman undertook to say any thing about the matter, he should at the least have told us on what particular facts his belief was founded. And he should' have gone further, and explained why the affidavit of Gillender was not produced. I do not mean to intimate that. any thing short of just such an affidavit- as the statute-speaks of will an- - •swer .under any circumstances... But if it will, we must see that' there is .a necessity for it in the nature of the case. . - '
If the judge had a discretion to receive a new affidavit on the -. trial, we would not review his determination. But he had no right to receive it. The verification should have accompanied -the notice when served, and could not be delivered- afterwards without the leave of the court. . . ; '
New trial denied.(a)

 .For various matters of practice under the second section of the usury act passed. May 15th 1837, see Cloyes v. Thayer & Morse, (3 Hill, 564;) Miller, v. M’Cagg & Munger, (4 id. 35;) Rapelye & Purdy v. Prince & Prince, (id. 119;) Vermilyea v. Rogers, (id. 567;) Bosworth v. Perhamus, (20 Wend. 611.)