THE PEOPLE, ex rel. FAIRBANKS *vs.* GRIFFITH and others. ·

To justify the issuing of an attachment against a non-resident debtor, under 2 R. S., 3, § 1, &c., the papers must show that he is indebted to a creditor residing within this state, or on a contract made within it.

Where the application was on behalf of nine creditors described as "forwarders on the Erie canal," and the affidavit of one of them commenced thus, "J. S. I. of the city of Troy, being duly sworn," &c., but nothing further as to the residence of the creditors was contained in the papers, nor did they show that their claims were on contracts made within this state; *held,* insufficient to confer jurisdiction upon the officer issuing the attachment. (a)

CERTIORARI to remove proceedings before a supreme court commissioner under the absent debtor act. The proceedings were instituted by Griffith and nine others, of whom John S. Ide was one, by a petition stating that they were *forwarders on the Erie canal* under the name of the Troy and Erie line; that they were creditors of E. & T. Fairbanks of St. Johnsburgh in the state of Vermont, and had a demand against them arising upon contract amounting to more than $100; and that E. & T. Fairbanks were not residents of this state, &c. The petition was signed by John S. Ide, who made an affidavit commencing thus: "Rensselaer county, ss : John S. Ide *of the city of Troy,* in said county, being duly sworn," &c. The affidavits of two witnesses

---

(a) See *Staples* v. *Fairchild,* 3 Comst., 41, and *Payne* v. *Young,* 4 Seld., 158.

The People, ex rel. Fairbanks v. Griffith and others.

were added, who swore to the non-residence of E. & T. Fairbanks. On these papers an attachment issued, when the proceedings were removed into this court by certiorari.

*N. Hill, Jr.,* for the relator.

*M.T.Reynolds.* for Griffith and others.

*By the Court,* BRONSON, J.   When the proceeding is against a non-resident debtor, it must appear that he is indebted on a contract made within this state, or to a creditor residing within it. (2 R. S., 3, § 1.)   The papers do not show where the contract was made, nor does it appear that the creditors resided in this state.   They may be "forwarders on the Erie canal," and yet reside in Vermont.   Mr. Ide in his affidavit says nothing about the residence of his partners; and he only describes himself as "of the city of Troy," without swearing to his residence.   The two witnesses speak of nothing but the residence of the debtors. (§§ 4, 5.) This is quite too loose.   This proceeding is summary, and the statute must be strictly followed. (See *Matter of Fitch,* 2 Wend., 298; *Matter of Hallingshead,* 6 id., 553.)   The papers presented to the commissioner were not sufficient to confer jurisdiction.

Proceedings reversed.