## RICHARD BRAZILL *v.* RALPH H. ISHAM and another.

In an action for work, labor, &c., where the answer merely denies the allegations in the complaint, the defendant cannot, on the trial, insist upon an award of arbitrators, as a bar to the action.

The rule is the same, although the fact of the award appears by the plaintiff's evidence.

The former rule, allowing many defences to be given in evidence under the general issue in assumpsit, which defences in truth went in avoidance, rather than in denial, of the declaration, is abrogated by the code.

An award requiring performance by a stranger, (not party to the submission,) is not valid in that respect; and when an award is such that the party cannot enforce it in the particulars in which it operates in his own favor, he ought not to be concluded by it in those respects in which it operates against him.

*It seems*, that the modern rule in regard to the effect of an' award is, that where it awards the payment of the very money for which the suit is brought, and in respect to the same consideration, it is no bar to a suit brought for the original cause of action, unless the award has been paid. But where the award is for the performance of collateral acts, as a substitute for, or in satisfaction of the money demanded, it is a bar without such performance, because the right' to the *money* is gone.

THIS case came up on the defendants' appeal from a judgment against them entered upon a referee's report, and upon exceptions to his ruling in refusing to nonsuit the plaintiff. The facts are given in the opinion.

*A. M. Burt* and *Wm. Curtis Noyes*, for the defendants.

*Charles M. Kirkland*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The referee in this action refused to nonsuit the plaintiff, upon the ground (as stated in the case) that the award of an arbitrator, which the defendants claimed to be a bar to the action, was void.

Whether the ground of the referee's refusal was correct or not, I am of opinion that his decision was right.

Under our former system of pleading in assumpsit, it was competent for a defendant to plead the general issue, (*non assumpsit*,) and give in evidence under this plea numerous defences which do, in truth, go in avoidance of the facts alleged in the declaration, and not in denial. Among these defences was an award of arbitrators, deciding the right in question. Obviously when the award proved showed that the very money claimed by the plaintiff had been awarded to him, such a defence went only to the form of the declaration. It was entirely consistent with the facts therein alleged, and sought to avoid them by setting up a higher security, in which, as the defendants claimed, the original cause of action was merged. I apprehend that no such defence can avail the defendants under the system of pleading introduced by the code of procedure, unless the award is set up in the defendants' answer.

By § 149 of the code, the requirements of which are absolute, the answer must contain a specific denial of the allegations in the complaint, which the defendants controvert; or a statement of the new matter upon which they rely as a defence. And by § 150, if the defendants have several defences, they must be separately stated; and by § 250 there can be no issue of fact except upon an allegation in the complaint, denied by the answer, or upon new matter alleged in the answer. Bearing in mind that the requisites of a complaint now demand " a plain and concise *statement* of the *facts*, constituting the cause of action," it seems to me that no argument is necessary to show that under the above provisions, the defendants can set up no defence which they have not stated in their answer.

To apply the foregoing rules to the present case : The plaintiff avers that he was employed by the defendants to go to England, and that they promised to pay his expenses, and a compensation for his time and services; that he went to

England in pursuance of that employment, and rendered the services, and that his expenses and compensation, after deducting the payments he has received, amount to a sum stated; and in a bill of particulars he gives the items of expenses, the rate and amount of compensation claimed, and the credits for payments received.

The defendants for answer, deny that they employed the plaintiff, or that they promised to pay him, or that he went to England by their direction or request, or under any agreement with them, or that he has rendered them any services whatever.

Here the defendants have made a distinct issue with the plaintiff, by denying the facts stated in his complaint, and have set up no facts whatever, except to deny what the plaintiff has alleged. It seems to me, that to hold now that the defendants may (notwithstanding the provisions of the code above referred to) abandon all their denials, and insist upon matter not alleged in the answer, matter upon which no issue has been formed, matter which admits that every *fact* alleged by the plaintiff is true, would be to declare the language of the code utterly without meaning.

The former inquiry, what defences are good under the general issue, and what must be specially pleaded, is by the code precluded.

*Now* the plaintiff must state *facts*, and *pray relief*, and whatever legal implications result from the facts alleged, the court will infer and administer relief accordingly.

The defendants must deny these alleged facts, and they are not bound to controvert such legal implications; or they may on their part aver facts which show either, that no legal inference arises in the plaintiff's favor from the facts alleged by him, or that such legal inference is defeated by other facts, which destroy the plaintiff's claim to relief. The theory, that in assumpsit the general issue amounted only to an averment that at the time of the plea pleaded the defendants were *not liable* to the demand, can have no application to a system of pleadings in which the defendants must *specifically* deny the acts which the plaintiff avers, or even the other facts, on which they rely as a defence.

Brazill v. Isham.

But it is suggested, that even admitting that the defendants could not set up the award as a defence, for the want of proper averments in the answer, yet that in the present case, the award was given in evidence by the plaintiff, and, therefore, that he had himself shown that he was not entitled to recover upon his own allegations. It is undoubtedly true, that when the plaintiff by his evidence shows that his complaint is not true, or in assumpsit, on an implied promise to recover money alleged to be due, he shows that at the time of suit brought the debt had been extinguished, so that in fact there was then subsisting no consideration from which a promise could be implied, there could be no recovery. But if I am right in my opinion, that the defendants could not set up the award as a defence without having averred it in the answer, the above views will not avail the defendants here, for under the law as it stood before the code, the rule adverted to did not at all embrace matters which were required to be *specially pleaded*. For example, in an action of assumpsit, to which the defendant pleaded the general issue, suppose the plaintiff proves a promissory note, or sale of goods, for which the money was payable more than six years before suit brought, the defendants could not, therefore, insist upon the statute of limitations and put the plaintiff to proof of a new promise, or other matter, to show that the statute is no bar. And the same is true when the plaintiff's case chanced to disclose the fact, that a tender had been made, or that bankruptcy of the defendants had occurred. If these views are correct, the judgment herein must be sustained, whether the award which was given in evidence be valid or void.

The question, whether the award was or was not valid, is not free from embarrassment.

The parties had submitted a controversy in relation to a *certain account presented to the defendants by the plaintiff*, to the arbitrament of a person agreed upon, and they mutually covenanted, that the award should in all things be by them well and faithfully kept and observed.

The arbitrator awarded, after reference to the account sub-

mitted, that "there is due by the said Isham and Earle to the said Brazill, £295 19s. 2d., and payable by the secretary" of a certain company, "in the manner as set forth in the order of the said Earle and Isham of the 8th of June instant."

The order, which was thus incorporated in the award, was an authority signed by the defendants, as individuals, to G. W. Pine, secretary of the American Timber Preserving Company, to retain in his hands, and pay to the plaintiff, out of funds which may or shall come to his hands for that and other purposes, specified the amount which the arbitrator should adjudge and declare to be due to the plaintiff upon the surrender by the plaintiff of certain papers, documents, &c., named, and signing "a clear quittance of all claims on the defendants."

It nowhere appears that the secretary was bound to act under this authority, or that the defendants could compel him to pay the money, or even that this authority, signed by the defendants, was in fact any sufficient warrant to him to make it proper for him to appropriate the money to the payment of this award, nor that he had received any money with which to make such payment. I can give this award no intelligible meaning, unless I regard it either, 1st, as an award that the defendants shall pay nothing to the plaintiff, i. e., that the amount due to him by them is subject to such conditions that it is payable *only* by the *secretary* named, and on the plaintiff's complying with the terms of the authority referred to ; or, 2d, as an award that the secretary pay the defendants' debt. The first supposition makes the award too inconsistent with itself and too uncertain in respect to its real meaning to be satisfactory. If the money is due from the defendants, it is payable by them as matter of law, and if it is payable only by the secretary, (Pine,) then it is not due by the defendants.

And on either supposition, it is an award of the payment of money to the plaintiff by a third person not a party to the submission, and over whom it does not appear that the defendants have any control. How, then, could the plaintiff sue on the award, and what could he allege as a breach of the

submission by the defendants, if the secretary (Pine) refused to pay, or never received money wherewith to pay? The award does not require the defendants to do any thing, and by their submission they are not bound to do more than the award requires. That an award requiring performance by a stranger is not valid in that respect, was held in *Martin* v. *Williams*, (13 Johns. 264,) and I cannot perceive the justice or legality of holding this plaintiff bound by an award which he cannot enforce in the only particulars in which it is for his benefit. And if he has no remedy to enforce the payment directed to be made to him by the arbitrator, surely he ought not to be concluded by the finding in those respects in which it may operate against him. In this particular it resembles an award which is in a material particular void for uncertainty, which was held so to affect the justice of the case as to make the whole void. (*Brown* v. *Hankerson*, 3 Cow. 70.)

That a direction in an award, that a stranger should do an act, is in general void, is stated in Russell on Arbitration, p. 427, and cases cited in the notes.

See, also, Watson on Arbitration (Law Library, 2d ed.) p. 184–5, and notes.

The appellants, however, insist that the direction respecting payment may be disregarded as void, and still the award is good as a settlement of the amount due by the defendants to the plaintiff. If the award can fairly be construed to be such a final settlement, and in legal effect an award of payment by the defendants, I should deem the award valid to that extent. And as to the general proposition relied upon, that an award may be good in part and void in part, or that where that which is void is not so connected with the rest as to affect the justice of the case, the award may be valid, there is no dispute. (*Doke* v. *James*, 4 Comst. R. 568, and cases there cited.) But if we say that the award that the money should be paid by the third person, was not binding as an award, the award becomes a mere certificate that so much money is due, and even then it is clogged with the inconsistent findings of fact and law blended, that the money, though due by them, is pay-

able not by them, but by a third person. Whether this last clause be binding as an award or not, it stands as a finding on the record inconsistent and irreconcilable with the other findings, that the money is due by the defendants. And if, notwithstanding this, the award be deemed valid as an award or certificate of an amount due, without any direction that the *defendants pay* it, (Ryan & Moody, 17 ; Russell on Arb. 399, 257,) there is still another doubt of the defendants' right to avail themselves of it in bar of the plaintiff's claim, unless it appear that they have performed it, *i. e.*, paid the amount found due.

That if valid, it was final, the authorities cited by the appellants abundantly show, and, indeed, the respondent does not deny. (Russell, 455–6 ; Kyd on Awards, pp. 8, 14 ; Cald. on Arb. 211–2, 107, 10, 13 ; 3 Caines, 166 ; 2 Caines, 319 ; 12 J. R. 310 ; 1 Hill, 44 ; 9 J. R. 37 ; 12 Wend. 578 ; 13 J. R. 27.) But whether, in such a case as the present, the defendants were not bound to show that they had paid the award ; or if they had set it up in their answer, whether they should not have averred such payment, is not, I think, settled by any of the authorities referred to by their counsel.

In the very early cases, it was deemed that where an award directed the performance of any thing but the payment of moneys, the party who set it up in bar must aver performance on his part ; (see Rolle's Abrd., Arb. x. 1 ;) while, if the payment of money only was directed, the averment of payment was not necessary. Subsequent cases held that such averment of performance was not necessary where the award imposes on the defendants a new duty as a substitute for the duty alleged by the plaintiff ; nor where it awards something collateral as a satisfaction of the duty alleged. But these cases imply that where the award is in affirmance of the alleged duty, or merely ascertains and fixes the amount of money due upon a money claim, the defendant, if he wishes to avail himself of the award to preclude inquiry into the original claim, must aver and prove payment of the amount. (See numerous early cases cited in the notes to Russell on Arbitration, p. 503–4.

See 2 Ld. Raym. 1039; 1 *ibid.* 247; 1 Salk. 69 and 76.) Kyd on Awards states the doctrine to be, that it is not necessary in any case to aver performance. Watson, p. 259, states that this doctrine has received some qualification, and refers to a case in the court of exchequer, in England. (*Allen* v. *Milner*, 2 Cromp. and Jer. 47; S. C. 2 Tyrwhitt, 113.)

And upon the authority of the last case, Russell on Arb., states, that the modern doctrine seems to be this : if the action be brought for a debt, an award respecting the claim, ascertaining the amount of the debt, and directing payment, cannot be pleaded in bar to the action, without alleging performance; for the money until *paid* is *due* in respect of the *original debt;* as, for instance, if the claim be for tolls, the sum awarded is *due for tolls* still. But if the claim be of a different nature, as if the demand 'be *for a debt,* and the award directs not payment in money, but payment in a collateral way, as by delivery of goods, the *right* to have *payment* in money is extinguished—the *debt* is gone, and there only remains in the plaintiff the substituted right to have the goods. (See the opinion of Lord Lyndhurst in the case referred to.)

If this be deemed the proper view of the mode of pleading an award, which merely settles the amount due upon the claim for which the suit is brought—and I deem it a very rational one, and not in conflict with any of the cases cited by the defendants' counsel—then, upon every aspect of this case, the judgment was correct; for had the defendant pleaded the award, he must have averred and proved payment of the amount found due. And without such proof of payment, the award would no more avail him, when it appeared as a part of the plaintiff's evidence.

                  I think the judgment should be affirmed.