Davis agt. Ainsworths.

## SUPREME COURT.

### OSCAR F. DAVIS agt. GEORGE W. AINSWORTH and SEYMOUR AINSWORTH.

Where an attachment against the property of an absent debtor is issued, under the Code, in an action pending in this court, by a justice of this court, and his term of office expires pending the proceedings, an application thereafter requiring the sheriff to sell the perishable property attached, is properly made in this court. The judge who granted the attachment did not act as a commissioner under the Revised Statutes, but as one of the judges of the court, and the proceedings did not die with his term of office.

Where a portion of the property attached is regarded as perishable, the sheriff will be authorized to sell the same at public auction, and to retain the proceeds to be disposed of in the same manner as the property, if it had remained unsold.

*Washington Special Term, Jan., 1856.*

MOTION for an order authorizing the sheriff of the county of Saratoga to sell property, alleged to be perishable, attached by him under and by virtue of an attachment issued by Justice BOCKES in the above action against the property of the defendant Geo. W. Ainsworth, as an absconding or concealed debtor, under the fourth chapter of article seven of the Code.

The attachment was issued on the 20th Nov., 1855, and was executed on the same day. The sheriff and the appraisers on

the inventory of the property attached made by them, certified that the potatoes therein mentioned were perishable property; and this was the only property they did certify to be perishable. The inventory consists principally of the enumeration of groceries—such as sugar, molasses, tea, &c., and of dry goods.

On the 15th of November, 1855, George W. Ainsworth made a general assignment of his property to John C. Hurlburt and the defendant Seymour Ainsworth, in trust for his creditors. These assignees, on the 3d of January, 1856, claimed from the sheriff the property attached by him as their property: and they, as well as the debtor George W. Ainsworth, oppose the motion for the sale of the attached property, as perishable; and they present an affidavit of W. C. Barrett, stating that none of the property attached is perishable, except the potatoes.

H. Gibson, *for plaintiff and sheriff.*

J. C. Hurlburt, *for defendants, and in person.*

Paige, Justice. The motion is properly made to the court. The attachment was issued by Justice Bockes in an action pending in the supreme court, as one of its judges, and not as a commissioner acting under the Revised Statutes. (2 *Wendell,* 298.) The proceeding, therefore, did not die when his term of office expired. The provisions of the Revised Statutes, in relation to attachments against absent debtors, are made applicable to the manner of executing the warrant of attachment issued under the Code, by third persons, of the property attached, and to claims by virtue of such warrant, and to proceedings in case such property, or a part thereof, is perishable. (§§ 232 *and* 233 *of the Code.*)

I think, from the evidence, that the only portion of the attached property which I can regard as perishable is the potatoes. An order may be entered authorizing the sheriff to sell them at public auction: the proceeds, deducting the expenses of the sale, must be retained in his hands, to be disposed of in the same manner as the potatoes would have been had they remained unsold. (2 *R. S. p.* 4, § 9, *1st ed.*)