QUARTUS SEARLE *vs.* JOHN S. ABBE.

An action for trespass on land was referred, by rule of court, " with full authority to exam-ine and establish boundary lines between the parties, about which there is any dispute, controversy or doubt; " and an award, giving damages and costs to the plaintiff, and estab-lishing a boundary line by courses and monuments, was accepted by the court, and judgment entered thereon, notwithstanding the plaintiff's objection to so much of it as established a boundary, upon the ground that that provision was inserted in the submis-sion by mistake and without his consent, and was protested against by him as soon as he discovered it. *Held,* that the boundary line so established was conclusive upon the parties in a subsequent similar action.

ACTION OF TORT against Abbe for a trespass on Searle's land. At the trial, Searle offered in evidence the record of the court of common pleas of a similar action brought against him by Abbe, which set forth a reference by rule of court, pursuant to an agreement of the parties, to three referees, " with full au-thority to examine any and all boundary lines between the par-ties, about which there is any dispute, controversy or doubt, and to establish the same as fully as though they were included in the pending suit; the report of whom or a majority of whom to be made to this court as soon as may be, judgment thereon to be final: " Their award that Abbe recover certain damages and costs, and establishing a boundary line between the lands of the

parties by courses and monuments: A subsequent motion of Abbe for " the acceptance of so much of the award of the referees as relates to the subject matter of the action, and for judgment for the damages and costs which were awarded by the referees," and " to reject and set aside so much of the award as proposes to establish lines between real estate of the parties, because, 1st. No such matter was referred to the referees by any order of the court, nor could it be so referred in this action; 2d. Because so much of the rule delivered to the referees and returned by them, as purports to authorize them to establish boundaries between the parties, was inserted in said rule by mistake and without the consent of the plaintiff; and that as soon as it came to the knowledge of the plaintiff he protested against the exercise of any such authority, and refused to assent to any action of the referees in relation thereto: The overruling of this motion by the presiding judge for these reasons: " 1st. Because of a doubt how far parol testimony is admissible to control the terms of the rule; 2d. Because, while upon the parol testimony I am satisfied that the plaintiff never intended or consented to submit anything more than the subject matter of the suit, I am equally satisfied that the defendant would not have consented to the reference unless he supposed that all matters named in said rule were to be submitted : " The acceptance of the award by the court on the motion of Searle, and judgment thereon for the damages and costs awarded.

Abbe admitted that if the line described in that record was conclusive, the trespass alleged in this action was within the plaintiff's line; but objected to the record as evidence of any boundary of his land, for the reasons stated in the record in support of his motion to reject that part of the award; and in support of this objection introduced several witnesses.

Abbe also contended that the action of the referees, in undertaking to establish this line, was an excess of authority on their part, because the rule only authorized them to determine and establish such boundaries as were in dispute or controversy; whereas there was in fact at that time no dispute or controversy in relation to this line; and offered evidence to prove this.

But *Dewey,* J. proposed to rule " that if in fact the plaintiff did present the question of boundaries generally as between the parties, as a matter of dispute or doubt, upon which he asked the referees to arbitrate and adjudge, the question was, under the rule, properly before the referees ; " and, by consent of parties, took the case from the jury, and reserved it for the full court upon the question whether the award of the referees was conclusive· upon the defendant ; the parties agreeing that if it was he should be defaulted ; otherwise, a new trial should be ordered.

*E. W. Bond,* for the plaintiff.

*G. Ashmun,* for the defendant. An award upon a question of boundary can only operate by way of estoppel ; it cannot change title. *Goodridge* v. *Dustin,* 5 Met. 367. In an action of trespass, there is no judgment as to title or boundaries, (although both may be incidentally involved in the preliminary stages of the case,) but only as to damages and costs. This record shows that the fixing of a boundary by the referees was without the defendant's consent and against his protest ; so that here is no estoppel. Estoppels are not to be extended. 1 Greenl. Ev. § 22. The record would in any case be only *prima facie* evidence that a line had been established by agreement of parties. The record of the line is no part of the judgment. The order of the court, accepting the award, only accepts so much as is necessary to the judgment, to wit, the finding as to damages and costs. The award would be just as binding if the judgment should be reversed on error.

METCALF, J. It is perfectly clear that the defendant cannot be permitted, in this action, to show, contrary to the record in the action formerly brought by him against the plaintiff, that he did not consent to the submission of that action to arbitrators, with authority to them to establish the boundary lines between his land and that of the plaintiff, which lines were in controversy or doubt. The defendant's proper course was, to move to discharge the submission, if it was found by him to be contrary to his understanding or consent. The judgment that was rendered in that action is conclusive, until it shall be reversed on error, or

adjudged to be void by reason of fraud in obtaining it, or for other legal cause.

Taking that judgment to be valid, this case is decided by that of *Goodridge* v. *Dustin*, 5 Met. 363, in which it was held, that on a submission to arbitration, in a form like that entered into in the first case by these parties, the award made by the referees, and accepted by the court, was conclusive as to the boundaries between the lands of the parties. Not that land can be transferred by an award and judgment thereon; but that the parties to the submission are thereby estopped to dispute the title or boundary which is distinctly settled by the award. The arbitrators, in this case, did not make new boundaries, nor change old ones; they merely found where the preëxisting boundaries were. As was said by James Otis *arguendo*, and affirmed by the decision of the superior court of judicature of the Province of Massachusetts Bay, almost one hundred years ago, in a case in which arbitrators had determined a boundary line, without ordering a release of the land on either side, " I grant the award to be void if the arbitrators have determined the freehold; but here they have not, they have only determined the line; the settling that does not affect the freehold." *Rogers* v. *Kenwrick*, Quincy, 63, 64. See also *Clark* v. *Burt*, 4 Cush. 396; *Calhoun's Lessee* v. *Dunning*, 4 Dall. 120, 122; *Robertson* v. *M'Niel*, 12 Wend. 583; *Shelton* v. *Alcox*, 11 Conn. 240; *Doe* v. *Rosser*, 3 East, 16; *Thorpe* v. *Eyre*, 3 Nev. & Man. 218, and 1 Ad. & El. 932, by Patteson, J.                    *Defendant defaulted.*