JACOBY v. JOHNSTON *et al.*, appellants.

*Arbitration — effect of submission.*

The parties to an action submitted the matters involved to arbitration, agreeing "that the action . . . and all proceedings therein or in relation thereto shall be stayed pending the award" of the arbitrators. *Held*, that under the submission the cause might be stricken from the calendar, but could not be discontinued on the motion of one of the parties.

APPEAL from an order at special term denying the defendants' motion for an order to discontinue the action and strike the cause from the calendar. The action was brought by Henry Jacoby against David Johnston and John Johnston, to recover for wrongfully entering upon and taking from plaintiff's lands certain timber, etc. The case had been submitted to arbitration, after the action was commenced, after which plaintiff put the cause upon the circuit calendar and noticed it for trial. The opinion states the other material facts.

*J. A. Thompson,* for appellants.

DAVIS, P. J. The submission to arbitration of the subject-matter of this action was full and absolute. Its effect would have been a discontinuance of the action, but for the clause making special provision in relation to the action. That clause provides, "That the action in the supreme court aforesaid, and all proceedings therein or in relation thereto, *shall be stayed* pending the award of said arbitrators."

The stay of proceedings thus provided for indicates an intention not to have the submission operate as an absolute discontinuance, as otherwise it would have done. It does, however, operate as a perpetual stay "pending the award," which must be construed to mean until the award is made. The making of the award, in the absence of any stipulation for the entering of judgment upon the same in the action, would at once operate as a final discontinuance of the suit; so that, practically, while the submission remains in force, the suit in court is completely suspended. Neither party has revoked the submission. A revocation, to put an end to the

submission, must be made with the same formality as the submission itself.

The submission being in writing and under seal, it must be revoked with like solemnity. *Van Antwerp* v. *Stewart*, 8 Johns. 125; *Howard* v. *Cooper*, 1 Hill, 44; *Robertson* v. *M'Niel*, 12 Wend. 578, 582. The effect of the submission, while remaining in force, is to stay, absolutely, all proceedings in the suit. *Larkin* v. *Robbins*, 2 Wend. 505; *Camp* v. *Root*, 18 Johns. 22; *Jordan* v. *Hyatt*, 3 Barb. 275; *Wells* v. *Lain*, 15 Wend. 99; *Van Slyke* v. *Lettice*, 6 Hill, 610; 11 How. 355. The plaintiff was not, therefore, at liberty to take any steps in the action, after the submission. The motion to discontinue, under the circumstances, was properly denied, but the cause should have been stricken from the calendar, under the stay of proceedings. The order appealed from should be modified so as to deny the motion for discontinuance, and grant that part asking that the case be struck from the calendar, and, as so modified, affirmed, without costs.

DANIELS and BRADY, JJ., concurred.

*Order as modified, affirmed.*