Spencer, J.
Three questions have been made on the above facts:
1. Whether the possessions, according to Jacob. G. Klock’s line, for forty years, are or are not conclusive against the plaintiff’s right of recovery in this action ?(a)
2. Whether the agreement, in 1789, is or is not binding, it being by parol, and no part of it having been carried into execution, according to the survey then made ?
8. Whether, if this last agreement was obligatory, it has or has not been rescinded by the subsequent agreement ? and whether it was not incumbent on the plaintiff to entitle himself to a recovery, to have proved that the cause between Klock and Wills was decided, and had eventuated in favor of Klock ?
The line run by Jacob G. Klock, forty years ago, was run at the instance of the then proprietors of lots No. 12 and 18, by a person acting under their mutual employ. This line was assented to at the time, and, independent of the subsequent acts of the parties, would, in my opinion, be conclusive upon them, after such a lapse of time, and possessions of such antiquity. It was competent to the parties to waive that line, and it appears that they did agree to waive it, and abide by the line run in 1789. An agreement by parol, to the settlement of a line, appears to *199 me effectual, and not liable to any objections on the score of the statute of frauds and perjuries. This agreement was, however, executory, and might itself be annulled by the parol agreement of the parties. The subsequent agreement placed the settlement of the line on the issue of the cause then depending; this agreement, I think, controlled and modified the former; hence, in my opinion, it was incumbent on the plaintiff to have shown that the suit between Klock and Wills had terminated in favor of the former; not having done this, I think the verdict should be set aside, and a nonsuit entered, pursuant to the stipulation of the parties.
Thompson, J.
The submission to two surveyors, made by the lessor of the plaintiff and Jacob Klock, and their decision thereupon, cannot be considered as extending to the title of the land, or to have the operation of a conveyance. This *principle I think fully recognized in the case of Jackson, ex dem. Morris, v. Rosser, 8 East, 15. The title to lot No. 12, is admitted to be in the lessor of the plaintiff, and the submission was of a mere matter of fact, to ascertain where the line would run on actual survey, begining at a place agreed 'on between the parties. I cannot consider this agreement in any way affected by the statute of frauds. But, admitting it to have been void in its origin, that cannot make void the acknowledgments of Klock, subsequent to the determination of the arbitrators. After the line had been ascertained, and he knew where it run, he agreed to give up the possession and move his fence. Here, was, then, a full and complete recognition of the extent and boundary of lot No. 12, to which it is admitted the lessor of the plaintiff has title. It is immaterial in what matter this line was ascertained, whether by a joint submission to one or more surveyors, or by an ex parte survey : it is enough that Kloelc, after it had been ascertained, recognized it as the true line. This would preclude him from denying the *200 plaintiff’s right, and must also have the same effect at rp> spects the claim of the defendant, who hold under Klock. The defendant, however, sets up a subsequent agreement made between himself and the lessor of the plaintiff, which he contends is to do away the acts and acknowledgments of Klock. This agreement, as stated in the case, I do not think can in any way affect the plaintiff’s right. If it is to have the operation of rescinding or waiving any right previously acquired, it was to have that effect on condition that a certain cause then depending, between John Klock and George Wills, should terminate in favor of the latter, and it was incumbent on the defendant to show that than suit had terminated favorably to Wills; nothing, however, -appears to show how that cause had been decided, or whether any decision had taken place. The plaintiff had shown enough to entitle him to recover, and if anything had occurred to take away that right, it was incumbent on the defendant to show it. And besides, this second agreement is not free from difficulty, on the ground of the statute ■of frauds. The title to the premises is acknowledged to be in the lessor of the plaintiff, and if the second agreement is to have any operation, it is to devest him of that title. Neither agreement can have the operation of changing the title; the first must be viewed as a waiver, by Klock, ■of all benefit resulting from length of possession, and opening the question as to the *true line of 'division between the"two lots, and the plaintiff’s title to the premises in question is- shown, independent of either agreement. I am therefore of opinion that he is entitled to recover.
Livingston, J.
But for the new line run in 1789, and the parol agreement then made, it is not pretended that the plaintiff can recover; for the parties claiming these lots, having no less than forty yeas ago determined on the true line between them, by running the same, and having held their possessions accordingly ever 'since, no court would *201 permit either of them, at this late day, to disturb the other. The defendant’s possession is not only adverse to the lessor’s claim, but commenced with his, or his ancestors’ consent, and therefore ought not now to be questioned, merely on the ground that a mistake was made in the first survey. The defendant’s title must be regarded as complete at the time of the second survey, and to continue so still, unless he or his devisor has done anything to defeat it. The agreement to abide by the line to be run in 1789, being by parol, was not binding on either. No memorandum of it was signed by the parties, or their agents. It is, therefore, within the act for the prevention of frauds and perjuries. If the defendant, or Klock, had removed his fence accordingly, it might have bound him, and those claiming under him, as to the extent of his pos-^ session ; but never having carried the contract into effect, we cannot enforce a performance in this way, without violating a plain provision of the act. It is an agreement to put the lessor of the plaintiff in possession, which is equivalent to a sale of certain lands, then held by Klock, and to which he had a good title, provided they fell according to a line then to be run, in lot No. 12. I can perceive no difference between this condition, or proviso, and any other which the parties might have thought of. If Klock had promised to remove his fence so many feet, or, in other words, to give the lessor so many feet of his land,- provided he would pay him a sum of money, or do any certain service, it would not have been obligatory, unless it had been in writing. Why, then, should this agreement be valid ? If parties will confide in each other’s word, where the law requires a more solemn form of contracting, they cannot complain if courts adhere to the posi • tive directions of an act of the legislature, one object of which is to prevent parol contracts of this kind, or, at least, to put an end to judicial controversies about them. The court of chancery, with *a view cf preventing frauds, has gone far by its decisions, to ren *202 der this act a dead letter: but we are not sitting in that court, which would probably have done' as well, not to depart from the literal provisions of the law, which are to explicit to be misunderstood, and to salutary not too be strictly enforced, As the defendant, then, has shown a perfect title to the premises, independent of the agreement in 1789, which not being reduced to writing, must be regarded as a nullity, I am of opinion, without considering the other points, that he must have judgmenta[1]
Judgment of nonsuit.

 See Jackson v. Bowen, 1 Caines’ Rep. 360, n. (a.)

 See Jackson v. Defenderf 3 J. R. 269; Jackson v. Lunn, 3 J. C. 109; different authorities in case, Britter v. Phelps, 17 Wend. 642; Jackson v. McConnell, 12 Wend. 421, 12 Wend. 127, 12 Wend. 130; see Adams v. Rockwell, 16 Wend. 286; Van Wyck v. Wright, 18 Wend. 157; Bradstreet v. Platt, 17 Wend. 44; Jackson v. Woodruff, 1 Cow. 276; Dibble v. Rogers, 13 Wend. 536; Lamb v. Coe, 15 Wend. 642; Jackson v. Van Antwerp, 8 Cow. 273, 10 Wend. 109, 7 J. R. 283, 17 J. R. 29, 7 Cow. 723, 1 Cow. 101, 6 Wend. 467, 10 Wend. 104, 12 Wend. 421, 12 Wend. 127.