Daniel, Judge,
 

 This was an action of Trovfer to recover the value of a slave, named Anesley. Plea, not guilty. In the year 1824, Noah Perry made his will, and after several other devises and legacies, devised lands and three slaves (James, Hannah and Dempsey) to his wife Molly Perry for life or widowhood. Then comes this clause in the will: “ I wish for the negroes lent to my wife, if they do not behave, to be hired out.- I also'wish for all the negroes not given to be hired out as soon as they will bring any thing. And after the death of my wife or marriage, I want all my property not given away to be equally divided among'all my girls.” Anesley is one of the slaves directed to be hired out. The testator did not direct how the hires of the young ne
 
 *282
 
 groes should be disposed of. The defendant is the daughtestntor> and was the wife of Joseph Biggs. In the year 1830, Joseph Biggs by deed conveyed to the plaintiff “ his undivided part of. the negroes willed to his wife by Noah Perry after the death oí Molly Perry, the widow.” Joseph Biggs died in the year 1832. In the year 1837, the widow, executor and daughters of Noah Perry, by a parol agreement, divided the said property, and the slave Anesley fell to the defendant. She took her into her possession and' converted her to her own use, before the date of the plaintiff’s writ. Molly Perry, the widow is yet alive. The court was of the opinion that the plaintiff could not recover, He was nonsuited and appealed.
 

 That the testator did not contemplate a present and an immediate bequest to his daughters of the young negroes, is to be collected from these words in his will, to wit: “ I also wish for all the negroes not given to be hired out as soon as they will bring any thing.” And afterwards he proceeds and says “ I want- all my property
 
 not
 
 given away to be equally divided among my girls.” We ask when? The testator answers “ after the death or marriage of my wife.” The remainder in the three negroes given to his wife for life composes a part of the property not given away. The daughters of course had but an interest in remainder in that portion of the property. And we think that the testator has made a bequest only
 
 in futuro
 
 to his daughters of the young negroes; for, as to them, the daughters can claim by no other words in the will than those just mentioned. It is quite unnecessary for us to decide whether the widow took a life estate by implication in the young negroes, or whether the executor was to receive the hires during the life of the widow for the next- of kin. It seems to be clear that the daughters had no right to the possession of the young negroes (of whom Anesley is one) until the death or marriage of their mother. Joseph Biggs, by his deed in 1830, conveyed nothing more than this ulterior interest of his wife. In 1837 Anesley came to the defendant, not by force of the bequest in her father’s will, but by the parol assignment of the temporary interest, which was either in the widow of the testa
 
 *283
 
 tor or his executor. The time has not arrived for the plaintiff to claim under his deed. The judgment must be ffirm'ed.
 

 Per Curiam. Judgment of nonsuit affirmed.