Ruffin, C. J.
 

 On both points decided, the opinion of this court is the same with that of his Honor. The gift to the wife is expressly of a
 
 life estate
 
 in the manor plantation and the adjoining tracts, containing in the whole 660 acres. Now, although it be true, that a will is not to be construed by detached items, but by the entire instrument, and also true, that, where there are prior and'subsequent inconsistent clauses, the latter shall control the former, yet it is also a rule of construe-
 
 *501
 
 don, that no contradiction is to be allowed of, unless the several provisions are absolutely irreconcilable, and further, that the words of the will in an express disposition cannot be controlled by inference from other parts, unless such inference is plain and indubitable.
 
 Hester
 
 v.
 
 Hester,
 
 2 Ired. Eq. 330.
 
 Roach
 
 v.
 
 Haynes,
 
 8 Ves. 590.
 
 Barker
 
 v.
 
 Lea,
 
 3 Ves. & Bea. 117.
 
 Thackeray
 
 v.
 
 Hampson,
 
 2 Sein. & Stu. 217.
 
 Wainewright
 
 v.
 
 Wainewright,
 
 3 Ves. 558. Now, the natural im-' port of a gift of land in a will to one person for life, and af-terwards of a gift of the same land to another person, is, that the latter takes in remainder, and therefore,- that the first gift remains in full force. In that way there is nothing incongruous in the two dispositions, but each operates in its natural order. In this casé there is nothing to induce the supposition, that this interpretation is not according to the true intention of the testator. In the gift of the land to the son, the testator' does not give it by a description from its situation, boundaries or other
 
 indicia
 
 of that- kind; but by the terms [tmy land and plantation that I have before mentioned in this will.” Now, this land was all that he had previously spoken of; and he had only spoken of it by giving it to his wife for her life. So far, therefore, from intending an immediate gift to the son, • overruling that to the wife, -the testator, by that reference to the préeeding gift shews, that he meant it still to subsist and' that the second gift was to be subject to it. But it is argued, ■ that some present interest must have been intended for the-son, otherwise the testator would not have given to him his farming utensils and implements of husbandry, including all his carts and wagons, nor charged him with the duty of at-’ tending personally to' the succor and comfort of his mother. It is not improbable that some vague or even confident expectation was entertained by the testator, that the mother and son' would reside together in his mansion house and cultivate the1’ plantation upon joint account. But, if so, it must have been upon the idea, that they, would naturally be led to do so byi their mutual affection and interest. He, no doubt, supposed,, that the mother would wish some one of her sons, and he-
 
 *502
 
 clearly expected that she would prefer this one, to reside tvitii her and take care of her property and herself; and also supposed, that, as the land was to come to the defendant ultimately, and as he had the requisite implements for its cultivation, and had no other land, he would be particularly inclined to remain with his mother upon terms that would be satisfactory to her, and at the same time much to his own interest. But that would be by the agreement of those parties, and not by force of his will. Such expectations on the part of the testator naturally account for hisgifls to the wife and son severally. But they furnish no inference, that the gift to the wife was to be revoked or modified. Such inference is rested
 
 by
 
 the defendant on the single circumstance, that some of the personal things given to the son could be more' beneficially used on this plantation, than elsewhere. But the inference from that circumstance, so far from being necessary and beyond doubt, is a very remote one, and can, at best, be but a possible conjecture. It cannot be admitted to overthrow the explicit gift of a life estate to the lessor of the plaintiff; to which, according to the rule already mentioned, it must appear to be totally opposed, either expressly or by an unavoidable implication.
 

 With respect to the award, the defendant has a right, upon this exception, to assume that the title to the premises was within the submission to the arbitrators. But admitting it to be so, we hold nevertheless, that the award neither divests the title of the lessor of the plaintiff, nor in any manner bars this action of ejectment. If needful to the plaintiff’s case, it may be remarked, that the award would be open to observation on several points. It really, in the first place, seems much more difficult to construe, than the will, on the meaning of which it professes to decide. For the arbitrators certainly mean to adjudge, that Mrs. Crissman has some estate in the premises ; yet to what part of the premises it shall extend, it is not easy to understand from the finding, “that she is entitled to
 
 a home during life in the place she
 
 occupied at her husband’s death nor to tell of what part of this land the son is adjudged to be
 
 *503
 
 the owner by the award, “that he is entitled to peaceable posession of
 
 land and
 
 premises.” Next, it might be questioned, whether the arbitrators do not say upon the award, that they mean to decide according to law, as it operates upon the will of the testator; and therefore, whether, as they clearly mistook the law, the award is not void, according to the rule in
 
 Kent
 
 v.
 
 Estab.
 
 3 East. 18; unless, indeed, the whole subject submitted was a dry question of law' and not involving any controversy of fact, in which last case, it seems, the decision is conclusive, whether right or wrong in point of law.
 
 Young
 
 v.
 
 Walter,
 
 9 Ves. 365. But, admitting that those objections could be answered, there remains one that we deem insuperable. It is, that the submission was not by deed or in writing, and therefore that the'award, as far as it affects the title to land, is void under the act of Assembly of 1819. Rev. St. ch. 505 sec. 8. The doctrine, that an award upon the right to land, though it cannot operate as a conveyance, shall conclude the party, against whom it is made, by way of estoppel against disputing the other party’s title, as laid down in
 
 Morris
 
 v.
 
 Rosser,
 
 3 East. 15, has not been hitherto acted on in any case in this Court. Whether it would be adopted, we are not prepared to say. Certainly, we do not mean at present to deny it, as it has undoubtedly received the sanction of other adjudications in England, and of many in the States of the Union. The defendant’s counsel referred in the argument to not less than a dozen cases in Massachusetts and New York, following the leading one of
 
 Morris
 
 v.
 
 Rosser
 
 ; and it may be, when the question shall come up directly, that we shall find the array of authorities too strong to be resisted, even if they had less reason on their side than they have. But this case does not present the question of the operation of such an award, as was upheld in the cases cited ; for here the submission was oral, and in every one of those cases, with but a single exception, it was by deed or in writing, and, thus, within the statute of frauds. The excepted case is that of
 
 Jackson
 
 v.
 
 Gager,
 
 5 Cowen, 383; in which there was a parol submission, as to the boundaries of a piece of land, which two tenants in com
 
 *504
 
 mon, by their deeds of partition of a larger tract — of which this piece had formed part — declared should still remain in common. But, there, to the objection, that the submission 0Ught t0 have been in writing, the Court replied, that the submission was not as to the title at all; for that was admitted to be in both parties; but that the reference was merely as to the ■boundaries, according to the description in the deeds of partition. It was upon that ground expressly, that the Court — - whether right or wrong, is immaterial to the point here— thought the case might not fall within the statute of frauds; but even to that extent
 
 the
 
 opinion of
 
 but one Judge
 
 was expressed, and that not definitely; for the case went ofT on another point, leaving that undecided. It seems, however, from the case of
 
 Jackson
 
 v.
 
 Dysling, 2
 
 Caines 198, to be considered that a .parol .agreement, as to a particular line being the boundary-between coterminous tracts, is not within the statute of frauds.; and, consequently, that a parol submission, as to boundary merely, is subject to the like law. However that may be, the submission here was of the title to the land; for so we are obliged to understand the expression in the defendant’s exception,
 
 “
 
 that the submission embraced the matter of this controversy-.” That could be nothing less than a dispute-between the-lessor of the plaintiff and the defendant, ■to which of them the premises, now sued for, belonged, as his or her freehold; and an' oral submission of that question is plainly, we think, within the mischief intended to be remedied by the 8th section of the statute of frauds. -The direction in ■the will, for a reference to arbitration of any dispute arising .under it, can-have no effect; for the submission is still to be made by the parties disputing, and must in each case be made in the manner required by the law, according to the nature of •the point in dispute. For this reason, without adverting to any other, we-hold, that the award has.no operation in this suit.
 

 Per Curiam, 1 Judgment affirmed-