PeaRSON, J.
 

 The will of Miles Brothers contains this clause : 111 give and bequeath unto my grand-daughter, Pennina, daughter of George W. Brothers, the tracts of land known as the Red-din tract and the tract whereon said George resides,
 
 reserving unto him the use of said land until Pennina shall become ten years of age,
 
 then the rents to be applied to educating her ; and in case the said Pennina dies without lawful heir or heirs begotten of her body, I wish the said lands sold, and the proceeds divided among my clildren.”
 

 
 *267
 
 Pennina survived the testator two years, and died in 1851, at the age of four years. The lessors of the plaintiff are the heirs at law of the testator.
 

 If the estate of the defendant was defeated by the death of Pennina without a child, the plaintiff is entitled to recover.
 

 It is clear that the effect of the will was to vest, at the death of the testator, an estate in the defendant, until Pennina arrived at the age of ten years; and subject to this estate, to vest the fee in Pennina, liable to be defeated upon the contingency of her death without a child. The plaintiff insists that the condition is also annexed to the estate of the defendant. It certainly is not so annexed in terms, and according to the natural construction of the sentence, and from the nature of the condition, it seems properly to confine itself to the estate of Pennina. It was only in the event of her death, without a clild, that a necessity would arise for making some other disposition of the fee.
 

 It is said, however, that the estate of the father is a mere incident to, or emanation from, the estate of the daughter
 
 ;
 
 and when the principal falls, the incident must fail with it. If the estate of the father had been created by the daughter, then a destruction of her estate would of course defeat his — as if one having a defeasi-ble estate makes a lease for years. But such is not our case
 
 ;
 
 for the estate of the father, although carved out of the estate of the daughter, was created by, and owes its existence to, the act of the testator. So it is independent, and stands on its own footing.
 

 It is familiar doctrine, that if a power to make leases is given to one having a defeasible estate, a lease so created is independent of the estate out of which it is carved, and stands on the same footing as if the lease had been inserted in the conveyance creating the power, in the place of the power
 
 ; so
 
 that, although the lease is made by one having a defeasible estate, yet being created by the exercise of a power, which was created by the original grantor, it is not affected by what may become of the defeasible estate. Our case is similar, with the exception in its favor of the fact that the estate of the defendant was created, not by means of a power, but by the direct act of the testator.
 

 Per Curiam. Judgment affirmed.