Brown, J.
 

 This action is brought to recover nine acres of land in the town of Warwick, county of Orange, of which a certain ditch is the southern boundary, by the description in the complaint. The answer admits the possession of the defendant, denies the plaintiff’s title, and alleges that the defendant became seized of an estate in fee therein on or about the 28th day of January, 1848. The cause was tried at the Orange circuit, and, in conformity with the provisions of section two hundred and sixty-one of the Code, the jury found certain facts, upon the effect of which the plaintiff’s right to recover depends: First. That in the year 1848 the plaintiff and the defendant made a parol agreement that the ditch referred to in the complaint
 
 *347
 
 and which is the southern boundary of the lands in controversy, should be the division line of lands claimed by the defendant and other lands adjoining the same lying on the north side of the ditch; and Second. That at the time the agreement was made the plaintiff was in the possession, and he and Ms grantors had been in possession since the year 1822, under deeds of conveyance, and claiming to be the owners, of the lands on both sides of the ditch, embracmg the lands described in the complaint, of which the defendant, at the time of maldng the agreement, also claimed to be the owner; that after the maldng of the agreement the defendant entered into the possession of the lands in dispute, and has ever since continued in possession, and made valuable improvements thereon, by clearing a portion of the same of brush and bogs. Upon this verdict judgment was given for the plaintiff, wMch was affirmed at the general term. It does not appear that the defendant had any title to the lands on either side of the ditch, except such as he derived under the parol agreement; and at the time it was made he does not appear to have had the title of a naked possession, for the jury find affirmatively that the plaintiff then had the actual title and the actual possession on both sides of the pretended line. For more than twenty-five years he and his grantors had been in the possession, claiming title under deeds of conveyance. Such an agreement cannot be otherwise than wholly inoperative and void. It is within the statute of frauds; for, if effect is given to it, its operation will be to vest in the defendant the title to the nine acres of land, without the writing required by the statute. This is not the case of a disputed boundary line, which the parties might adjust and establish by
 
 parol;
 
 because there can be no disputed boundary where there are no adjoining lands of different owners. The validity and legal force of parol agreements and submissions to settle disputed boundary lines was long resisted upon the ground that, in effect, they passed the title to real property without the solemnities required by
 
 *348
 
 the statute. The courts however held, upon very substan tial reasons, that such agreements and submissions did not affect the title. If they were confined to the sole object of ascertaining the true line of separation, they gave effect to the title which the parties to such agreements really had, and left the statute of frauds in full force. Neither their purpose nor their effect was to pass real property from one person to another, but simply to ascertain the line to which their respective lands extended. The boundary of A. was also that of B., which was often undefined, obscure and uncertain; and when the agreement proposed and resulted in nothing more than to establish and mark where that boundary was, the provisions of the statute of frauds were not invaded. It was never thought that the judgments of the courts in actions of ejectment, where the subject was a question of boundary, divested the title of one person, and vested it in another; and yet the parol agreement, the submission, and the award under it, effect the same identical object and perform the same office as the judgment of a competent court. Both ascertain, by the means at their command, where the true line is, and establish it for all future time. In
 
 Jackson
 
 v.
 
 Dysling (2 Caines,
 
 198), Mr. Justice Spencer says: “ An agreement by parol to a settlement of a boundary Ane appears to be effectual, and not liable to any objection on the score of the statute of frauds and perjuries;” and Thompson, J., in the same case, observes that “the submission to two surveyors, and their decision thereupon, cannot be considered as extending to the title of the land, or to have the operation of a conveyance. The submission was of a mere matter of fact to ascertain where the line would run on actual survey.” In
 
 Robertson r. McNiel
 
 (12
 
 Wend.,
 
 578), Mr. Justice Sutherland reasons in this wise: “The only i question between the parties was as to the division line between those lots, and that fact they agreed should be decided by arbitrators. It had no bearing whatever upon the abstract question of title no more than the testimony of a
 
 *349
 
 witness showing the particular location of the deed according to its courses and distances. It is well settled that upon the strength
 
 jf
 
 such an award the party in whose favor it is made may recover in the action of ejectment.” It is to be observed that, to make these parol agreements and submissions effectual for any purpose, the parties to them must maintain towards each other the relation of adjoining owners. It is absurd to suppose that a parol agreement to establish a boundary, where one of the contracting parties is an owner and the other has neither the title nor the possession, can be of any avail. It is difficult to comprehend how such an agreement could have any operation at all. But if it could, it would1 be to impart to a person without title and without the possession some interest in real property. In all the cases where these agreements have been upheld and enforced in the courts, it has been upon the ground that the parties to them were owners, and their lands adjoined upon the disputed and uncertain boundary. This is an indispensable prerequisite, without which the agreements could not have been sustained.
 

 The case of
 
 Adams
 
 v.
 
 Rockwell
 
 (16
 
 Wend., 285)
 
 was a question of disputed boundary, and greatly litigated. It was finally decided in the late Court of Errors, where the chancellor laid down the following rule: “ Where there can be no real doubt as to how the premises should be located according to certain known boundaries described in the deed, to establish a practical location different therefrom there must be either a location which has been acquiesced in for a sufficient length of time to bar a right of entry under the statute in relation to real estate, or the erroneous line must have been agreed upon between the parties claiming the land on both sides thereof. Or the party whose right is to be thus barred must have looked silently on and seen the other party do acts or subject himself to expenses in relation to the land on the opposite side of the line, which would be an injury to him, and which he would not have done if the line had
 
 *350
 
 not been so located; in which case, perhaps, a grant might be presumed "within the twenty years.” In the more recent case of
 
 Clark
 
 v.
 
 Wethey
 
 (19
 
 Wend,.,
 
 320), it was held that nothing short of an adverse possession for a length of time sufficient to bar an entry would be effectual to establish a line different from that given in the deed; with this qualification : that when the monuments mentioned in the deed can no longer be found, the acts or agreements of the parties may be resorted to as secondary evidence to supply the hiatus created by the absence of the monuments. So in
 
 Clark
 
 v.
 
 Baird
 
 (5
 
 Seld.,
 
 183), it was also held that parol declarations and agreements, intended to establish a line different from that given in the deed, “would, if effectual, amount either to a conveyance of lands by parol, in case the declarations were subsequent to the deed, or else, if they were prior to or cotemporary with its delivery, such declarations of the intended effect of the language of the deed, if effectual, would violate the rule which forbids parol evidence to alter a written contract.” The learned judge who delivered the opinion says, in conclusion, “ that upon principle, where the description in the deed designates a piece of land as that conveyed, the description cannot be departed from by parol evidence of intent or of acquiescence in another boundary, unless such an adverse possession be shown as is in itself a bar to an ejectment.”
 

 In the present action, if the parol agreement of 1848 could be held valid, its effect would be to take from the true owner and vest in the defendant a lot of nine acres of land lying north of the" ditch, to which he shows no manner of title or claim, and no relation which would authorize him to negotiate or contract in regard to the boundary line.
 

 The improvements put upon the land in cutting brush and removing bogs aie not of a character to estop the plaintiff from asserting his title.
 

 The -judgment of the Supreme Court should be affirm
 

 
 *351
 
 All the judges were for affirmance, being of opinion that the parol agreement to locate the boundary line did not of itself affect the true title to the disputed premises, and being also of opinion that there were no facts in the case which equitably estopped the plaintiff from asserting his title.
 

 Judgment affirmed.