WALKER *et al.*, Trustees of School District No. 3, in Livingston, Columbia County, *v.* DUNSPAUGH.

It is in the discretion of the judge presiding at a trial to determine whether a question is objectionable as leading, and a judgment will not be reversed for an error in that respect.

Nor because a witness not stating any difficulty in giving the language of parties was permitted to state his understanding of its import, the fact thus proved being established by other evidence.

The title of a school district to its real estate cannot be affected by the admission of one of the trustees without the concurrence of his colleagues, that he recognized a claimant thereof as landlord.

APPEAL from the Supreme Court. Ejectment tried at the Columbia Circuit. There was no documentary evidence on either side. Both parties relied on admissions and other parol evidence. The facts are sufficiently stated in the following opinion. The plaintiffs had a verdict and judgment, which having been affirmed at general term in the third district, the defendant appealed to this court.

*Amasa J. Parker*, for the appellant.

*R. E. Andrews*, for the respondents.

Walker *v.* Dunspaugh.

DENIO, J. Ejectment for a school-house lot, the complaint in one count claiming the title in fee and in the other for the life of one James Ketchum.

The plaintiffs proved that the school-house standing on the lot was erected forty years before the trial, and that it had been occupied for the district school from that time until the 20th of April, 1855, when the defendant took possession of it and locked it up. On the cross-examination of one of the plaintiffs' witnesses, who had been examined by them to prove the possession, the defendant's counsel asked him this question: "Have some of the trustees not said that they did not own it (the lot) exclusively?" The plaintiffs objected, that the question was leading, and the objection was sustained. The question was then varied by the defendant's counsel inquiring whether the witness had heard the trustees say that the defendant was the owner in fee when a certain lease was out. This was answered without objection. The question was objectionable for the reason given, though it was asked on an examination by the defendant of the plaintiffs' witness. As to the point inquired of, the examination was direct. But we hold that the judge presiding at the trial has a discretion to determine, under the circumstances of the case, whether a question is leading or not; and we do not reverse a judgment for an error in that respect: and moreover the defendant's counsel acquiesced in the ruling by putting his question in a more specific form, and it was then answered.

After a witness for the defendant, of the name of Horton, had been examined and cross-examined, and had several times, in relating a conversation between Richmond, one of the trustees, and the defendant, mentioned the name of a Mr. Ketchum, the judge required him to state what he understood from the whole conversation as to Ketchum being the last life named in the lease, and the witness answered that he understood that Ketchum was referred to, as one of the persons on whose life the lease depended. The question was objected to before it was answered, and the objection being overruled the defendant's counsel excepted. The witness had not stated that he

had any difficulty in giving the conversation in the language made use of by the parties, and in such cases the rule is 'that the jury are to interpret it, and that a witness cannot be called upon to do so. But the evidence which was drawn out by the judge's .question did not in any respect vary the substance of what had been proved. It was perfectly apparent from the conversation as given, that Richmond assumed that Ketchum was one of the *cestuis que vie.* One of the counts in the complaint claimed the title during his life, and set up, in effect, that he was alive; and the point of the cross-examination of Horton was to show, and it did show, that Richmond, the trustee, declared, in the admission relied on, that when he had on a former occasion promised to pay rent to the defendant, he supposed that Ketchum was dead. What was said about Ketchum was without meaning, unless he was named in the lease as one of the persons on whose life the estate depended. Though the question was not strictly proper, the defendant was not prejudiced by the answer given by the witness.

The judge directed a verdict for the plaintiffs; and that raises the question whether, upon the uncontroverted facts, the title was in them. The premises had been in the uninterrupted possession and use of the district as a school-house for about forty years, when the defendant took possession of it during the Saturday's intermission, and locked it up, keeping the key himself. The defendant showed no paper title, but he gave evidence of the admissions of some of the trustees to the effect that they held under a conveyance for lives. By whom the conveyance was executed, or in what manner the defendant was connected with the grantor, does not appear; except that it was proved that the trustees said on one occasion that the land belonged to the defendant when the person named in the lease was dead. It seems to have been assumed on the trial, without any proof, that a certain Moncrief Livingston was named in the lease as one of the persons on whose life the estate depended. He died in December, 1853, and the defendant's entry was in April, 1855. The only other evidence, besides that already adverted to, was that which was

given by Horton, the defendant's witness; and it consisted of proof of a conversation between the defendant and Richmond, a trustee elected pending the suit. He had been a trustee at a former period, and the substance of his admission to the defendant was that during his former service as trustee, and after the death of Moncrief Livingston, he agreed to pay the defendant rent for the school-house, and that the reason he did not pay .was that his term expired soon afterwards and one of the plaintiffs was elected in his place; but Richmond added in the same conversation, according to the witness, that when he so promised to pay rent he supposed Ketchum, who it is clearly implied was another of the nominees in the lease, was dead. There was nothing in his evidence, I think, to authorize the judge to submit anything to the jury, or upon which they could have found the title to be out of the plaintiffs. A party cannot make title to land by a parol admission of his adversary. (*Clark* v. *Baird*, 3 *Seld.*, 183; *Terry* v. *Chandler*, 16 *N. Y.*, 354.)

So far as the admission of Richmond had any legal tendency, it was to show an attornment of the trustees to the defendant, and thus to establish the relation of landlord and tenant. But it did not go far enough. He could not without the concurrence of his co-trustees change the relation of the district to the defendant. (2 *R. S.*, 555, § 27.)

I am for affirming the judgment of the Supreme Court.

Judgment affirmed.