Meyer agt. Levy.

# SUPREME COURT.

### LAZARUS MEYER agt. BOAS LEVY, impleaded, etc.

*Evidence — testimony on a commission — answers to cross-interrogatories — by whom they may be read in evidence.*

Where the question is leading, and where the answer to it is the expression of the judgment of the witness upon the fact, it is not legal evidence and cannot be disregarded as harmless upon motion for new trial.

Testimony being taken upon direct and cross-interrogatories on a commission, may a party on the trial expressly omit to read any of his cross-interrogatories and the answer of the witness to such interrogatory? If so, is his adversary, therefore, entitled as of course to read the question and answer as omitted as a part of his direct examination renewed. *Quære?* (*See Marshall* agt. *Watertown Steam Engine Co.*, 10 *Hun*, 463.)

*First Department, General Term, May, 1876.*

APPEAL from judgment recovered on verdict, and from an order denying a motion for a new trial made upon the minutes of the court, at New York circuit, Hon. J. R. BRADY, J., presiding, November, 1874.

Action brought to recover loans made by plaintiff to the defendant. The facts disclosed on the trial were that in 1867, the appellant B. Levy and his brother S. Levy were copartners, under the firm name of S. Levy & Brother, doing business in the city of Mobile. That in the spring of 1867 the defendants, through Samuel Levy, borrowed from the plaintiff two sums of money, about $615 in currency and $500 in gold. The loans were made for and used by the firm. Notes were given in the name of the firm for the loans. The notes were renewed from time to time. The defendants dissolved partnership in 1868, and the notes were thereafter delivered to S. Levy and new notes given, made

Meyer agt. Levy.

by S. Levy alone, payable to B. Levy, and indorsed by him. The defense set up was that after dissolution the plaintiff had received and accepted the notes of S. Levy, indorsed by B. Levy, in satisfaction of the liability of defendants as copartners. A large portion of the evidence introduced upon the trial was evidence taken by commission at Mobile. On the trial, certain answers given to cross-interrogatories propounded by the defendants, defendants' counsel omitted to read. They related to the fact alleged, by way of defense, that the notes were taken in satisfaction of the original loans, and, as they were in conflict with the defense alleged, plaintiff's counsel proposed to read them. One of the witnesses who had been an employe of the firm, and who was present at the transaction of giving the last notes — the renewal notes after dissolution — was asked, " did he (referring to plaintiff) accept said note or notes in discharge of such indebtedness?" The answer was, " he did not accept said notes in discharge of said indebtedness; he accepted them as renewals merely, and as evidence of his debt." The same question was asked the defendant S. Levy, to which he answered that " there was no agreement or understanding that these notes were to be taken in absolute payment of the debt. Mr. Meyer did not accept said notes or any renewal notes in absolute payment of his debt, but only as the evidence of his debt." The answers brought out by cross-interrogatory upon commission taken out in behalf of plaintiff were expressly omitted by defendants' counsel in reading his cross-interrogatories, and were admitted on application of the plaintiff's counsel under objection and exception.

The only question considered in the opinion is whether such testimony was properly admitted.

*Charles H. Smith*, for appellant.

*Albert Cardozo*, for respondent.

Meyer agt. Levy.

DANIELS, J.— The verdict was recovered and judgment upon it entered, for money loaned to the defendants as copartners and used by them in their business, carried on at Mobile, in the state of Alabama. The loan of the money by the plaintiff at the instance of S. Levy, one of the partners, for the firm, and the use of it by the firm, were clearly proved as facts in the case. The defense consisted of the alleged fact that after the firm was dissolved the plaintiff received and accepted the notes of S. Levy to the order of, and indorsed by, the defendant, B. Levy, in satisfaction of the liability of the defendants as copartners. That such notes were given after the dissolution of the firm appeared by the evidence, and it was also shown that they were renewed and outstanding when the action was commenced. The plaintiff's evidence consisted mostly of depositions taken by commission at Mobile, and certain answers were given to cross-interrogatories propounded by the defendant which his counsel omitted to read at the time. They related to the fact alleged by way of defense, that the notes were taken in satisfaction of the original loans, and as they were in conflict with the defense alleged, the plaintiff's counsel proposed to read them. One of the witnesses examined was asked, "did he accept such note or notes in discharge of such indebtedness?" The answer given was: "He did not accept said notes in discharge of such indebtedness. He accepted them as renewals merely and as evidence of his debt." The same question was asked the defendant, S. Levy, to which he answered that "there was no agreement or understanding that these notes were to be taken in absolute payment of the debt. Mr. Meyer did not accept said notes or any renewal notes in absolute payment of his debt, but only as the evidence of his debt." The same interrogatory was also propounded to, and more elaborately answered by, the plaintiff himself. His answer was, that "there was no special agreement entered into when the form of the notes were changed; that these notes were not taken by me in absolute payment of my debt, but simply as

Meyer agt. Levy.

evidence of my debt. The whole language and tenor of Mr. B. Levy's conversation at the time said notes, dated in November, 1868, were received by me, was to the effect that the notes were not the payment of my debt, but they were simply evidence of the debt, and hence the expression of B. Levy that the notes were just as good without indorsement, as he intended to see them paid." The time referred to by the witness was when notes of the firm were renewed by taking the notes of S. Levy, indorsed by B. Levy. The first and second of these answers were quite clearly improperly received under the strict rules of evidence now existing and applied, and a portion or all of the third is of the same substantial description, for, instead of relating what had been said so that the court and jury could judge of the nature and effect of it, simply the result of the interview referred to, and the construction or conclusion of the witness upon it was given. It was, at most, the expression of the judgment of the witness upon what had been said and done, instead of a relation of what had taken place. The latter was the only legal evidence to lay before the jury, and that was not contained in the answers of the witnesses (*Walker* agt. *Dunspangle*, 20 *N. Y.*, 170, 171, 172; *Morehouse* agt. *Mathews*, 2 *Com.*, 514; *Messner* agt. *People*, 45 *N. Y.*, 1). The case of *Casper* agt. *O'Brien* (47 *How.*, 80) has been cited as supporting the rulings made at the trial, but it fails to do that because the inquiries held to have been proper there were sustained because they required facts and not opinions or conclusions to be given.

These answers bore directly upon the fact in controversy between the parties, and for that reason they cannot be disregarded as harmless. Boas Levy was very properly required to relate what had transpired, and was not allowed to give his conclusion or construction of it, as the other witnesses had. One or the other of these rulings must have been erroneous, and requires for its correction that another trial of the action should be had. The evidence of the defendant, Boas Levy, so far tended to establish the defense made by him that

the learned justice presiding at the trial found it necessary to submit the inquiry to the jury whether the notes made by S. Levy and indorsed by Boas Levy had not been taken in satisfaction of the partnership liability, and the objectionable answers had a direct, if not a controlling, influence in the settlement of that question.

Other questions are presented in support of the appeal which may not arise upon another trial of the action, and for that reason their present consideration is not necessary. There must be another trial of the case for the correction of the error by which the answers of the witnesses already mentioned were allowed to be read and considered by the jury.

The judgment should be reversed and a new trial ordered, with costs to abide the event.