## MERRILL *v.* HILLIARD.

Whether the claimant of land under legislative grants was in the "occupation and actual possession, *bona fide,* and making improvements," is a question of fact.

Acts of possession by a third person, for and in behalf of the plaintiff, may be admitted as tending to show the latter's possession.

The establishment of a line between parties not adjoining owners, by which, if valid, one of the parties would become the owner of real estate adjoining the other, will not bind the latter as a boundary line.

TRESPASS, *quare clausum.* Plea, the general issue. The referee found the defendant guilty, assessed the damages, and reported the facts. The *locus* is a gore of land, containing sixty-five acres one hundred and two rods, in the town of Pittsburg. Prior to 1849 lots had been laid out around this gore, leaving it in its present shape. The lines dividing the lots from it were marked by spotted trees on all four of its sides. The land then belonged to the state, and was covered with wood and timber. The plaintiff moved on to the lot adjoining this, in part, on the south, in January, 1838, and has lived upon said lot ever since, and still lives there. That lot is in Pittsburg. In 1849 the plaintiff commenced to clear a piece in the south-easterly part of this gore, and has cleared thereon from time to time since then, until he has cleared some ten to thirteen acres in all. After cutting the growth, he sowed grain, planted potatoes on the land, and finally got it into grass, which he mowed. He has cultivated or used in some way the portion cleared each year since it was cleared. He has got fire-wood and lumber from the growth outside the clearing from year to year, as he had occasion. Between 1853 and 1860, one or more years, he gave one Day, who lived on the lot west of the gore, leave at his request to tap some sugar maple trees standing near the west line of the gore, for which Day paid him in maple

sugar. This evidence was received, subject to the defendant's exception.

Before the plaintiff commenced to clear as aforesaid, the southeasterly corner of the gore was pointed out to him, and he saw the spotted lines running therefrom northerly and westerly. The birch tree at the south-westerly corner of the gore was pointed out to him in 1853 or 1854, and the spruce tree at the north-westerly corner some thirty-five years ago; and from the times when the spotted trees were pointed out to him, he has known of the spotted lines running from them. He did not know where the northeasterly corner of the gore was until since this action was commenced. He understood the gore contained sixty or seventy acres, but never had it surveyed until since this action was brought,— never fenced it, never spotted any trees about it, and never went entirely around it, although he has been over it in various parts as his business required, and he never paid anything for it. Since the passage of *c.* 1021, Laws, 1850, he has claimed to hold the gore by virtue of that act, and now claims title to it by virtue of that act, and also of *c.* 2404, Laws, 1860, and of what he has done upon the gore.

The referee found that at the time of the grant of 1850 the plaintiff was in the occupation of the premises on which the alleged trespasses were committed; that for six months last preceding the grant of 1860 he was in the actual possession, *bona fide,* making improvements upon said premises; and that he had in this way acquired a title to the whole gore before the commencement of the action, and was then the owner of it.

The alleged trespass for which the defendant is sued was the entry of the defendant upon the gore, and the cutting and removal of timber from it. The defendant bought the timber of one Homans. His title is derived from a quitclaim deed of Peter Sanborn, state treasurer, made by virtue of *c.* 42, Laws, 1867, in the name and behalf of the state, dated October 17, 1867, to William H. Smith.

The defendant claims that the gore is a part of the land covered by this deed, and the referee finds that it is, unless the state had previously parted with its title by virtue of the laws cited and the plaintiff's acts. By mesne conveyances, through Smith and others, Homans has an undivided part of the lands conveyed by the state to Smith.

The defendant offered to prove "that before the alleged trespasses the plaintiff and said Homans, under whom the defendant claims, agreed by parol upon a line as the plaintiff's north line, which was in dispute, running from the south-west corner of the gore due east, and marked the line on the ground, and that the trespasses were not on the tract set off to Merrill by this agreement." The referee excluded the evidence, and the defendant excepted.

*Aldrich & Parsons* and *Dudley*, for the defendant.

*Johnson* and *Ray, Drew & Jordan*, for the plaintiff.

FOSTER, J.   The plaintiff's title, so far as it is derived from the legislative grant of 1850, depends on the questions whether at that time he was a resident of the town of Pittsburg, and whether he was also in the occupation of the premises in dispute; and his title under the grant of 1860 depends on the question whether, for six months prior to the passage of that act, he had been in the "actual possession, *bona fide,* and making improvements" upon said premises.   These were the only conditions that the legislature saw fit to impose upon those who might desire to avail themselves of its grants of land in the town of Pittsburg.   Whether the plaintiff fulfilled these conditions with reference to the land he now claims to own, under either or both of these grants, is a question of fact, and the referee having answered it in the affirmative, his finding is conclusive.

The fact that the plaintiff had given Day a license to tap trees on a part of the gore, and had received pay for the same, was competent to show that the plaintiff was in the possession of that part of the land, and claimed to be the owner of it.   It could make no difference, on the question of his possession or his ownership of the land, whether he hired some one to tap the trees for him, or sold the right to tap them, or tapped them himself.

The evidence offered by the defendant, to show that the plaintiff and Homans had agreed upon and marked on the ground the plaintiff's north line, was rightly rejected.   It was not an agreement between adjoining owners in regard to a disputed line.   It was an agreement between a trespasser, or a party having no title to the land on either side of the line, as attempted to be established, and the owner of the entire tract.   *Prescott* v. *Hawkins,* 12 N. H. 26; *Carleton* v. *Redington,* 21 N. H. 291, 301; *Jackson* v. *Dysling,* 2 Caines 198; *Robertson* v. *M'Niel,* 12 Wend. 578; *Terry* v. *Chandler,* 16 N. Y. 354.

*Judgment for the plaintiff.*

ALLEN, J., did not sit: the others concurred.