HENRY BENTON RANKEN, Appellant, *v.* MICHAEL DONOVAN and CARTWRIGHT McBRIDE, as Trustees of the Trusts Created in and by the Last Will and Testament of BESSIE C. DONOVAN, Deceased, and Others, Respondents.

*Deed by a testator delivered in escrow for her life takes precedence over a subsequently-executed will — effect of the deed — when the title vests under it — what requires the submission to the jury of the question as to the credibility of witnesses.*

The owner of property executed in 1884 a deed of conveyance of it, which was placed in the custody of a person present at its execution, to be delivered to the grantee upon the grantor's death, and was not recorded, the grantor continuing in possession of the property for many years, and devising it, by her will executed in 1893, to a person other than the grantee named in the deed. In 1886 the grantor brought an action to set aside a lease of the premises, alleged to have been obtained from her by fraud on the part of the custodian of the deed, in which action such custodian and another person, also present at the execution of the deed, said nothing about the deed when examined as witnesses.

*Semble,* that the fact of such silence on their part presented a question for the jury in an action brought after the death of the grantor by the devisee of such premises under her will to obtain possession thereof, as to the credibility of

their testimony in the latter action, and as to the actual execution and delivery of the deed at the time, and under the circumstances stated by them, as did also the fact of the long-continued retention of the premises by the grantor after the alleged conveyance;

That a deed delivered to a third party, with instructions to deliver it to the grantee upon the death of the grantor, vested the title in the grantee as of the time of the original delivery of the deed to said third party, and that the conveyance thus made in this case took precedence over the subsequently-executed will of the grantor.

Appeal by the plaintiff, Henry Benton Ranken, from a judgment of the Supreme Court in favor of the defendants, Michael Donovan and Cartwright McBride, entered in the office of the clerk of the county of Kings on the 23d day of March, 1899, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Trial Term, and also from an order entered in said clerk's office on the 29th day of March, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*Jesse Johnson,* for the appellant.

*George G. Reynolds,* for the respondents.

Willard Bartlett, J.:

This is an action of ejectment, brought to recover possession of the premises known as No. 163 Lee avenue, in the borough of Brooklyn.

The plaintiff claims title under the will of his grandmother, Lydia W. Ranken, which devised to him this property, and also No. 347 Keap street. That will was executed on March 31, 1893. The testatrix died on February 11, 1895, aged seventy-eight years.

The defendants, other than those who were sued as undertenants of the property in controversy, are Michael Donovan and Cartwright McBride, who claim title as trustees under the last will and testament of Bessie C. Donovan, deceased. Bessie C. Donovan was a daughter of Lydia W. Ranken; and the defense is that on September 18, 1884, Mrs. Ranken conveyed the premises to this daughter by a deed duly executed, acknowledged and delivered, so that when Mrs. Ranken made her will, in 1893, she had no interest in the property to devise to the plaintiff or any one else. The defendants admit, however, that by an agreement with the grantee,

her daughter, Mrs. Ranken was allowed to retain and did retain possession of the property.

A strong case was presented in support of this defense. According to the testimony of Mr. David Teese, a reputable member of the bar, who was present at the execution and delivery of the deed in September, 1884, whereby the house and lot, No. 163 Lee avenue, were transferred to Mrs. Donovan, two other pieces of property were conveyed to Mrs. Donovan at the same time, and a fourth piece was deeded to her infant child. Mrs. Ranken expressed apprehension lest some of her other children might attempt to break her will if she made one in favor of Mrs. Donovan, but remarked that they would know nothing about what she had done if deeds were made and were kept off record until after her death. Mr. Teese advised her that if she made the deeds she could not retain absolute control of the property, but would have to rely on Mrs. Donovan to permit her to have the use and enjoyment thereof. This Mrs. Donovan said she was willing to do. They then agreed to let Mr. McBride, who was an old-time friend of the family, act as custodian of the deeds; and after the deeds were executed and actually delivered to Mrs. Donovan and her child, Mr. McBride took the instruments and kept them, without ever placing them on record until after Mrs. Ranken's death.

Mr. Teese's account of the transaction is corroborated by Mr. McBride and is contradicted by no one. Nor was the credibility of these witnesses in anywise questioned, except by reason of the fact that they had omitted to make any mention of these deeds conveying the property to Mrs. Donovan in a litigation which arose in 1886 between Mrs. Ranken and Mr. McBride.

In 1886 a suit was brought in the City Court of Brooklyn by Lydia W. Ranken against Cartwright McBride, to set aside a lease of eight pieces of Brooklyn property (including No. 163 Lee avenue) for $2,000 a year for a period of ten years, which Mrs. Ranken alleged had been obtained from her by fraud and concealment on the part of McBride. Both Mr. Teese and McBride were witnesses on that trial, but neither of them then said anything about the deeds to Mrs. Donovan which had been made back in 1884 and left in McBride's hands after delivery, as already stated.

Although there was very little dispute in the evidence, there were

two elements in the case which would have entitled the plaintiff to go to the jury if he had insisted upon his right to do so. The fact that Mrs. Ranken was allowed to retain possession of the property for so many years after the alleged conveyance thereof to Mrs. Donovan, during which period she leased it as already mentioned, might be considered as creating some doubt as to whether the deeds were actually executed and delivered at the time and under the circumstances stated by Messrs. Teese and McBride. So also the omission of those gentlemen to say anything about the Donovan deeds when they were questioned as witnesses on the trial in the City Court of Brooklyn was a fact proper to take into account in passing upon the credibility of their testimony in the present case as to the circumstances under which the conveyances to Mrs. Donovan were made. (See *Ten Eyck* v. *Whitbeck,* 156 N. Y. 341.) But the record shows that the plaintiff's counsel waived the right to go to the jury on this and all other questions in the case. He asked the court to direct a verdict in favor of his client, and made no subsequent request to have any issue submitted to the jury. By taking this course he consented that any disputed question of fact remaining in the case should be decided by the judge. (*Adams* v. *Roscoe Lumber Co.,* 159 N. Y. 176.) The court thereupon gave credit to the testimony of the two witnesses Teese and McBride, and directed a verdict for the defendants. This disposition of the case was not only warranted, but demanded, by the weight of evidence, unless there is some rule of law which precludes us from upholding the deeds to Mrs. Donovan.

There appears to be no such obstacle. Assuming the transaction to have been what Messrs. Teese and McBride say it was, it is not to be deemed a testamentary disposition of Mrs. Ranken's property, but an absolute gift of real estate — the donor relying upon the assurance of the donee that she would allow the former to retain possession so long as the grantor lived. But even if we take a different view, to the effect that the deed was really delivered to McBride with instructions to be finally delivered to Mrs. Donovan only upon Mrs. Ranken's death, the title under such circumstances would be deemed to have vested in Mrs. Donovan at the time of the original delivery to McBride, and the conveyance would thus take precedence of the will. (*Hathaway* v. *Payne,* 34 N. Y. 92, 113.)

There was no error in the exclusion of evidence.

The offer to prove, upon which the court ruled adversely to the plaintiff, was substantially designed only to show that neither Teese nor McBride made any mention of the deeds to Mrs. Donovan in the testimony which they gave upon the trial of the suit in the City Court of Brooklyn. Their silence concerning these deeds on that trial had already been proved by their own testimony in the present case.

The deeds and mortgages executed by Mrs. Ranken after her deeds to Mrs. Donovan and covering some of the same property, could not affect the title acquired by Mrs. Donovan. (*Walker* v. *Dunspaugh,* 20 N. Y. 170; *Vrooman* v. *King,* 36 id. 477.) Nor were they receivable on the question of Mrs. Ranken's intent in making the conveyance to Mrs. Donovan. If they could be received on that theory any grantor could defeat the title of a grantee by subsequently executing mortgages upon the property conveyed.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.