As heretofore stated, the verdict having established that both parties claim under Joseph Steadman, and the will of Joseph Steadman, making some disposition of the property, having been properly proven and admitted in evidence, the rights of the parties on this appeal will depend on the correct construction of this (351) will.
The language of the will pertinent to the questions involved here is as follows:
"It is my will that my eldest daughter, Susannah, and my son James, shall have a certain tract of land containing one hundred acres, lying in the waters of Dills' Creek, to be equally divided in value between them and then also one other tract containing one hundred and fifty acres, lying on the waters of Jarrett's Creek. It is my will that my son John and daughters Mary and Margaret be equal sharers in said tract of land during their natural life."
The land in controversy, is the second, or Jarrett tract, and the Judge below, in construing the will, in effect decides that the testator died intestate as to the remainder of this tract after a life-estate therein to his children; but we do not think this is the correct interpretation of the will.
It is an accepted principle that the presumption is against intestacy. Underhill on Wills, 617; Blue v. Ritter, 118 N.C. 580.
And another principle has long been incorporated into our statute law, that a devise to a person shall be construed to be in fee-simple unless it shall plainly appear that the testator intended an estate of less dignity. Revisal 1905, sec. 3138.
This will, in express terms, devises the Jarrett tract of land to Susannah and James A. Steadman; which, under this statute, would give them the land in fee. And while the clause which immediately follows imposes a life-estate in favor of John, Mary, and Margaret, whether such estate is to these three or to them as tenants in common with James and Susannah, the result is the same. The subsequent clause only creates a life-estate; and all of the devisees of such estate being dead, the children and heirs at law of James and Susannah, to whom the fee-simple was given by the prior clause, at the death of the life-tenants, became, and are now, the owners of the land. (352)
Mary, being only a life-tenant, her deed would only convey to the grantees such estate as she had; and on her death, which occurred *Page 278 
about six months before suit commenced, the rights of the children and heirs at law of James and Susannah, who held in remainder, would become absolute, giving them the title and right to the immediate possession of the property. Smithwick v. Biggs, 23 N.C. 281; Brothers v. Brothers,44 N.C. 265.
Nor do we think the idea advanced, that the testator evidently wished his children to share equally in his estate, changes the result. Such a general intent is sometimes helpful where the language of a will is of doubtful import; but an indefinite, general intent cannot avail, and is never allowed, to change or control a devise express in its terms and without doubt as to its meaning. Crissman v. Crissman, 27 N.C. 498; Longv. Waldraven, 113 N.C. 337.
It will be noted, too, that the clauses of the will from which this general intent is inferred rather tend to show that such equality as was contemplated was intended to arise from other portions of the estate, and was not designed, and should not be permitted, to affect the construction of the devise involved in this litigation.
The Court is of opinion, and so holds, that on the facts presented, a proper construction of the will of Joseph Steadman places the entire interest in the land in dispute in the plaintiffs, who are children and heirs at law of James A. and Susannah Steadman, and the Judge below should have so instructed the jury.
For the error pointed out, there will be a new trial on the second issue, and it is so ordered.
Partial New Trial.
Cited: Boggan v. Somers, 152 N.C. 396; In re Dupree, 163 N.C. 259.
(353)