## LITTLE v. FERRIS.

(Supreme Court, Equity Term, Cattaraugus County.  May, 1914.)

1. DEEDS (§ 108*)—DEPOSIT FOR DELIVERY UPON DEATH OF GRANTOR.

   Where a deed is delivered to a stranger, with instructions to deliver it to the grantee after the grantor's death, and no right to revoke such instructions is reserved, the delivery to the grantee relates back to the first delivery, and the title passes as of the date of that delivery; and hence, where a grantor, after delivering a deed with such instructions, sold standing timber, the proceeds in the hands of his administrator belonged to the grantee.

   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 294–308; Dec. Dig. § 108.*]

2. DEEDS (§ 177*)—DEPOSIT FOR DELIVERY UPON DEATH OF GRANTOR.

   Where a deed was delivered to a third person, with instructions to deliver it to the grantee after the grantor's death, and no right to revoke such instructions was reserved, a sale of timber by the grantor and a deposit of the proceeds in a bank to his credit was not evidence of an intent to reserve the right to revoke the conveyance as to the standing timber.

   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 549, 549½; Dec. Dig. § 177.*]

Action by Charles F. Little against William H. Ferris, as administrator, to have moneys in the possession of defendant declared the property of plaintiff.  Judgment for plaintiff.

George E. Spring, of Franklinville, for plaintiff.

Charles D. VanAernam, of Franklinville, for defendant.

BROWN, J.  [1]  On December 29, 1911, Frederick M. Little executed a warranty deed conveying to the plaintiff 70 acres of land, and handed the deed to William A. Joslyn, stating:

"You keep it, and deliver it to Charles F. Little at my death."

On January 15, 1912, Frederick M. Little sold the timber standing on the 70 acres for $600, depositing the money to his credit in a separate account in a savings bank.  On March 28, 1912, Frederick M. Little died, and shortly thereafter Joslyn delivered the deed to plaintiff.  The timber was thereafter cut and removed from the land by the purchaser.  In February, 1913, the defendant was appointed administrator of the estate of Frederick M. Little, deceased, obtained possession of the $600, the avails of the sale of the timber, and refused to deliver the same to the plaintiff.  Whereupon this action was commenced for an adjudication that the $600 is the property of the plaintiff, and restraining the defendant from disposing of the same; the plaintiff's contention being that the delivery of the deed to him on the death of Frederick M. Little related back to the date of its execution, and that title to the real estate passed to the plaintiff as of that date, and that, the grantor having sold the timber, the avails thereof became the property of the plaintiff.  The defendant contends that the sale of the timber by Frederick M. Little, and the deposit of the proceeds of the sale to his own credit in the savings bank, was a revocation of the in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

structions to Joslyn to deliver the deed to the plaintiff upon the death of the grantor, to the extent of the standing timber, and that title to the timber could not vest in the plaintiff.

It has long been settled that a deed may be delivered by a grantor to a stranger, with instructions that it be delivered to the grantee after the death of the grantor; and where no right to revoke such instructions is reserved, such second delivery relates back to the first delivery, and title passes as of the date of the first delivery. Hathaway v. Payne, 34 N. Y. 92; Campbell v. Morgan, 68 Hun, 490, 22 N. Y. Supp. 1001; Stonehill v. Hastings, 202 N. Y. 115, 94 N. E. 1068. In Stanton v. Miller, 58 N. Y. 192, the grantor did not make an absolute delivery of the conveyance to the custodian. On the contrary, he expressly reserved dominion over the deed, and the right to withdraw it. In Jackson v. Rowland, 6 Wend. 667, 22 Am. Dec. 557, the custodian, at the time the deed was delivered to him, was not instructed to deliver the deed. When the instructions to deliver the deed were finally given, judgments had been entered against the grantor, and the lands sold. The judgments were held to be a prior lien. In Ranken v. Donovan, 46 App. Div. 225, 61 N. Y. Supp. 542, affirmed 166 N. Y. 626, 60 N. E. 1119, the grantor specifically instructed the custodian to deliver the deed to the grantee (the defendant) upon the death of the grantor. After these instructions, and the deposit of the deed with the custodian, the grantor executed a last will and testament, devising the premises to the plaintiff. It was there held that the defendant's title vested at the time of the delivery of the deed to the custodian, and took precedence over the subsequent devise to the plaintiff.

[2] It was also held in the Ranken Case that a deed executed by the defendant's grantor after the delivery to the custodian of the defendant's deed was not receivable in evidence on the question of Ranken's intent in making the conveyance to the defendant. Under this authority the sale of the timber and the deposit of the avails in the savings bank to the credit of Frederick M. Little is no evidence that at the time he deposited the plaintiff's deed with Joslyn he intended to reserve the right to revoke the conveyance of the standing timber.

The plaintiff is entitled to judgment adjudging that the avails of the sale of the standing timber is the property of the plaintiff, with costs.

